STATE v. GEORGE W. HARPER, Appellant.—No. 39069.—184 S. W. (2d) 601.

Division Two, January 2, 1945.

*J. M. Haw* for appellant.

822

*Roy McKittrick,* Attorney General, and *Gaylord Wilkins,* Assistant Attorney General, for respondent.

BOHLING, C.—George W. Harper appeals from a judgment imposing a sentence of two years' imprisonment for the larceny of "four heavy duty Firestone tires and tubes and four wheels, of the value of Four hundred dollars ($400.00)." He has briefed issues

involving the submissibility of the State's case, former jeopardy, and rulings with respect to the instructions and the evidence.

■ *Submissible case.* Appellant's contention that the State failed to make a submissible case because there was no substantive evidence connecting appellant with the crime is without merit. The theft of four tires, tubes, and wheels, of the value of about $500, the property of George U. Shelby, on August 11, 1942, at Anniston, in Mississippi county, Missouri, is unquestioned. There was evidence warranting findings that on the night of the theft, between 9 and 10 P. M., appellant borrowed an eight and a half ton hydraulic jack, giving a deposit for its return, from the Jeffries garage, east of Charleston on Highway 60 and a few miles from Anniston. This jack had a flat base 4 inches wide and 6 or 8 inches long, and a jack having a 4 by 6 inch flat base was used to jack up the vehicle to remove the tires and wheels. On August 11, 1942, appellant owned a "black 1937 Chevrolet" automobile with an Indiana license plate on it. A dark Chevrolet automobile, with an Indiana license plate, was observed at the scene of the theft. The tracks left by the tires of said Chevrolet corresponded with the tread of appellant's Chevrolet tires. On August 18, 1942, certain papers covering the registration and sale of a motor vehicle, admitted to be papers of appellant kept in the glove compartment of his Chevrolet, were found on the highway nearby. Appellant was arrested about September 9th. He frankly admitted his possession of the stolen tires, tubes, and wheels, stating he purchased them for $150 at his home in Paducah, Kentucky, sometime soon after the theft from two strangers who came to his home after he had retired for the night. This evidence fully warranted the submission of appellant's guilt. For instance: Our cases hold that the possession of property recently stolen raises an inference of guilt and that it is for the jury to weigh the explanation given respecting an accused's acquisition of possession. State v. Nichols (Mo.), 130 S. W. 2d 485, 486[1, 3, 5]; State v. Nicoletti, 344 Mo. 86, 91[1], 125 ■ S. W. 2d 33, 35[2]; State v. Tomlinson, 352 Mo. 391, 177 S. W. 2d 493, 494[1, 2] (overruling State v. Duncan, 330 Mo. 656, 50 S. W. 2d 1021); State v. Kennon (Mo.), 123 S. W. 2d 46, 47[2-5]; State v. Slusher, 301 Mo. 285, 290(I), 256 S. W. 817, 818[1].

■ *New trial: Former jeopardy: Waiver.* The record in this case shows that appellant was tried three times nisi. The jury on the first trial, February 15, 1943, returned a verdict of guilty and assessed appellant's punishment at two years' imprisonment. Section 4125, R. S. 1939, requires motions for new trial to be filed "within four days after the return of the verdict" but authorizes the court, upon application of the defendant, to extend the time. The court, upon appellant's application, granted ten days in which to file the motion for new trial. On the fifth day of said term, February 22, 1943, the appellant being present by his attorney, the court entered an order,

of its own motion, setting aside the verdict and awarding a new trial. Appellant was out on a $1,000 bond. Upon his application, the amount of the bond was reduced to $500, the sureties on the $1,000 bond to be thereupon released, and he thereafter entered into a $500 recognizance, duly approved. At the June term, 1943, of court, appellant waived formal arraignment, pleaded not guilty and was put upon his second trial. The jury were unable to agree upon a verdict and a mistrial resulted. Thereafter, at the October term, 1943, of court, appellant filed a plea of former jeopardy, which was overruled. The third trial, occurring December 8, 1943, resulted in another verdict of guilty and sentence of two years' imprisonment.

We find in appellant's original brief a curtailed presentation of an issue involving former jeopardy on the theory the trial court, absent a written application for a new trial by appellant, was without power *ex mero motu* to set aside the verdict of guilty and grant a new trial, which also embraces the thought that trial courts may not award a new trial to an accused who has filed a motion for a new trial on account of an error, no matter how grievous, not mentioned in the written motion. The State's point (quoting) is: "The court did not err in overruling defendant's plea of former jeopardy"; but this position is extended in the argument to agree in part with appellant, the State asserting, however, that under State v. Snyder, 98 Mo. 555, 559(I), 12 S. W. 369, 374(1), and Ex Parte Snyder, 29 Mo. App. 256, 260(I), the first verdict remained in force and effect and the cause should be remanded with directions to reinstate said verdict and pronounce judgment thereon. The ultimate position taken by appellant, as disclosed in his reply brief, is that the trial court had the inherent power to set aside the verdict and award a new trial during the trial term.* We think the arguments unduly extend the legal issues necessary for a determination of the instant case and that the observations and the ruling in the Snyder case, supra, are not controlling as the cases are to be distinguished. The ultimate administration of justice has its foundation in correct rulings by courts. Snyder was charged with an assault with intent to rape an eleven

*Consult Annotations DeVall v. DeVall, 60 Ore. 493, 118 Pac. 843, 40 L. R. A. (N. S.) 291, 294, "Criminal cases"; Commonwealth v. Endrukat, 231 Pa. 529, 80 Atl. 1049; 35 L. R. A. (N. S.) 470; Hensley v. Davidson Bros. Co., 135 Iowa 106, 14 Ann. Cas. 62, 65; Commonwealth v. Jones, 303 Pa. 551, 154 Atl. 480; 39 Am. Jur. p. 34, New Trial II, Sec. 11 in particular; 23 C. J. S. p. 1259, Sec. 1463; 46 C. J. p. 283, New Trial IV; 16 C. J. p. 1209, Sec. 2731. Among the provisions of our Criminal code bearing on the issue are: Secs. 4123, 4124, 4069, R. S. 1939. Consult Annotation, 40 L. R. A. (N. S.) l. c. 294, "As affected by statute," citing Missouri cases; Lee v. Baltimore Hotel Co., 345 Mo. 458, 462[1], 136 S. W. 2d 695, 697[1]; State ex rel. v. Horner, 86 Mo. 71, 73; Ewart v. Peniston, 233 Mo. 695, 705(III), 136 S. W. 422, 424[4]; State ex rel. v. Adams, 84 Mo. 310, 314 (overruling 12 Mo. App. 436); Vaught v. Hez Brown Mtg. Co. (Mo. App.), 296 S. W. 655, 658[7], among others.

year old girl. A jury found him guilty and assessed his punishment at six months in jail, the minimum. See Sec. 1263, R. S. 1879. This light punishment angered the trial court and an order was entered setting aside the verdict and disqualifying said jurors for jury service in said court. Upon retrial, Snyder's plea of autrefois convict having been overruled, the jury assessed his punishment at five years' imprisonment upon finding him guilty. The original punishment was within the statutory limits and the court's action in *sua sponte* setting aside the verdict ▮ constituted the substitution of its opinion for that of the jury's on the factual issue of the extent of the punishment, was not within the discretion of the court, was arbitrary, contrary to law, and prejudicial to the accused and was termed by this court (98 Mo. 1. c. 563): "an act of judicial usurpation and oppression without equal in modern times." The ultimate ruling on the precise issue under the facts presented in the Snyder case is embodied in the following (98 Mo. 1. c. 561): ". . . there was no justification or excuse for the course pursued by the trial court in failing to enter judgment upon the first verdict . . . The jurors were the sole judges of the heinousness of the offense, and of the punishment to be meted out therefor, and so long as they assessed a punishment within the bounds prescribed by the statute their verdict was beyond the control of any earthly power so far as concerns setting it aside and granting a new trial in opposition to the will of the defendant." The court appended the following observation arguendo: "And such opposition will be presumed where the record, as here, recited that the verdict was set aside by the court '*on its own motion.*'" This observation runs counter to the well-established presumption, absent a showing to the contrary, that right and not wrong action is presumed with regard to the holding of a court of general jurisdiction. From the facts recited in the Snyder opinions, if nothing more, an inference rather than a presumption of Snyder's opposition to the court's action existed and the observation was unnecessary to the holding. Snyder's second trial was held a nullity and the original verdict, in force and effect, was ordered reinstated. The precise issue presented and ruled in the Snyder case fell within a much narrower compass than the State's asserted construction of that holding. We think the result reached was correct; but there the action of the court of its own motion was over Snyder's objections while here appellant requested an extension of time in which to file his motion for new trial (which was granted); and implicit in such request was appellant's belief that he considered himself legally prejudiced during the course of the proceedings resulting in the verdict and entitled to a new trial by reason thereof. The court's action in setting aside the verdict and granting a new trial in the instant case conformed to appellant's suggestion and was in accord with and not in oppo-

sition to the evidenced will of the appellant. It cannot be termed arbitrary and oppressive.

In the instant case there are other grounds calling for the same result. We can rest our holding under the points duly presented upon the well-settled rule that the plea of former jeopardy is personal to an accused and may be waived. Ex Parte Dixon (Banc), 330 Mo. 652, 654 [3], 52 S. W. 2d 181, 182[5]; State v. Reynolds, 345 Mo. 79, 83[2], 131 S. W. 2d 552, 554[2, 3]; State v. Herring (Mo.), 92 S. W. 2d 132, 133[5]. As stated, appellant's request for additional time in which to file his motion for new trial evidenced his belief his rights had been legally prejudiced during the progress of the trial. There is naught of record on which to reach a contrary conclusion or that his attitude changed. He acquiesced in the granting of the new trial for he made application for and, upon being sustained, entered into a new recognizance, for a lesser amount and, thereafter, he participated in a second trial (resulting in a hung jury) without interposing a plea of former jeopardy. Finally, in his reply brief here he takes the position that the court nisi was within its power in granting a new trial *ex mero motu* in the circumstances before us. All of these factors constitute in law a sufficient waiver of any issues involving former jeopardy. Appellant may not blow hot and cold on the granting of a new trial. If he desired to stand upon a plea of former jeopardy it should have been timely interposed. Cases supra. State v. McLamb, 208 N. C. 378, 180 S. E. 587, 589[1, 2]; Johnson v. State, 139 Tex. Cr. 18, 138 S. W. 2d 98, 99[4].

█ *Instruction*: *Punishment*: *Larceny*: *Part of motor vehicle*. Appellant makes several attacks on the State's main instruction. The instruction directed the jury, in the event appellant was found guilty, to assess his punishment at not less than two nor more than five years in the penitentiary. This conformed to the provision prescribing a punishment for grand larceny generally in Sec. 4457, R. S. 1939. Appellant asserts, if guilty, he was subject to punishment under Sec. 8404(a), R. S. 1939, authorizing punishments ranging from a jail sentence or a fine to 25 years' imprisonment for the larceny of a "motor vehicle, or any part, tire or equipment of a motor vehicle of the value of $30.00 or more." Section 8404(a) was Sec. 29(a) of the Motor Vehicle act of 1921 (Ex. Sess. 1921, p. 105, Sec. 29(a)), and Sec. 31 of said act explicitly repealed all laws or parts of laws contrary to, inconsistent or in conflict with any of the provisions of said act.

The State does not question the correctness of our cases to the effect that one convicted of the larceny of a motor vehicle, or any part, tire, or equipment of a motor vehicle is subject to punishment under Sec. 8404 and not Sec. 4457. State v. Liston, 318 Mo. 1222, 1232, 2 S. W. 2d 780, 784[12]; State v. Hurt (Mo.), 285 S. W. 976[2];

State v. Mangiaracina, 344 Mo. 99, 103[1, 2], 125 S. W. 2d 58, 60[4]. And see State v. Mathes (Mo.), 281 S. W. 437, 440[4].

The evidence established that the instant tires, tubes, and wheels were taken off of a trailer. It is not controverted by the State that the evidence also established the trailer to be attached to a motor vehicle. The prosecuting witness testified these tires etc. had been taken off his "seed truck." The State argues that since the definitions in Sec. 8367* of the Motor Vehicle act individualize motor vehicles and trailers the larceny of the tires, tubes, and wheels here involved fall under the general provision of Sec. 4457. A trailer is not a motor vehicle under Sec. 8367. Sec. 8404(a), however, extends the statutory penalty there provided, in addition to a motor vehicle, to the larceny of "any part, tire or equipment of a motor vehicle." Motor vehicles primarily function to transport persons and things. Trailers facilitate this function; but only, under the statory definition, after being attached to a motor vehicle for that purpose. They thereupon become a part of the motor vehicle for transportation purposes. We hold, but go no further, that the tires, tubes, and wheels, circumstanced as they were at the time of the instant larceny, were within the phrase "any part, tire or equipment of a motor vehicle" of Sec. 8404(a). The jury assessed the minimum punishment allowable under the instruction and there is no ground upon which to contend successfully that the court's failure to submit the lesser punishment allowable under Sec. 8404(a) was not prejudicial to appellant. State v. Liston, and other cases supra. Consult State v. Schwartzmann Service, 225 Mo. App. 577, 582, 40 S. W. 2d 479, 481; Eddleman v. City of Brazil, 166 N. E. 1, 2[1], 201 Ind. 84.

It would be better, under the instant record, to have the instructions conform to the information and the evidence with respect to the time of the commission of the offense. Other matters need not be mentioned.

The judgment is reversed and the cause is remanded. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.

---

*" 'Motor vehicle.' Any self-propelled vehicle not operated exclusively upon tracks, except farm tractors. . . . 'Trailer.' Any vehicle without motive power designed for carrying property or passenger on its own structure and for being drawn by a self-propelled vehicle, except those running exclusively on tracks, including a semi-trailer or vehicle of the trailer type so designed and used in conjunction with a self-propelled vehicle that a considerable part of its own weight rests upon and is carried by the towing vehicle." Sec. 8367, R. S. 1939.