Herchel D. ROST, Appellant,

v.

STATE of Missouri, Respondent.

No. 20511.

Missouri Court of Appeals,
Southern District,
Division Two.

April 26, 1996.

Rosalynn Koch, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General and Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

This is an appeal from the denial of post-conviction relief without an evidentiary hearing in a proceeding under Rule 24.035.[1] Appellant's sole point relied on avers the motion court clearly erred in denying relief in that:

"... Appellant was subjected to multiple punishment for the same offense in violation of his right to be free from double jeopardy as established by the Fifth and Fourteenth Amendments to the United States Constitution in that he was convicted of assault in the second degree and the lesser included offense of driving while intoxicated."

While that appears to be a simple issue, adjudicating this appeal became a vexing task because of the procedural nuances and case law intricacies discussed *infra*.

Appellant was charged with three crimes. Each charge was filed as a separately-numbered case.

Case number CR493-732FX. Driving while intoxicated, § 577.010, RSMo 1986, and § 577.023, RSMo Cum.Supp.1993. Class D felony.

Case number CR493-733FX. Leaving the scene of a motor vehicle accident that resulted in physical injury to another party, § 577.060, RSMo Cum.Supp.1989. Class D felony.

Case number CR493-734FX. Assault in the second degree, § 565.060.1(4), RSMo Cum.Supp.1993. Class C felony.

For convenience, when we refer to a particular case we shall identify it by the last three digits of its case number, viz: "732," "733," or "734," respectively.

Appellant appeared in the plea court with retained counsel, who announced that the prosecutor had made a "plea offer" whereby the prosecutor would recommend a four-year sentence in each case if Appellant pled guilty in each. The sentences would run consecutively.

Appellant's lawyer ("defense counsel") informed the plea court that Appellant "has signed the plea agreement." Defense counsel asked the plea court whether he (counsel) could "make a record" as to Appellant's understanding. The plea court granted the request.

Under questioning by defense counsel, Appellant confirmed under oath that he understood the range of punishment in all three cases and wanted to plead guilty in all three pursuant to the plea agreement. Then, this:

"Q. And I discussed with you in great detail, since the initiation of this case, that it is my belief the State cannot prosecute you for both the felony DWI and the assault second. Do you understand that?

A. Yes, I do.

Q. And I've told you that it is my opinion and belief that the double jeopardy clause of the United States Constitution and the Missouri Constitution would bar the prosecution and sentencing for both DWI and the assault second?

A. Yes, sir.

Q. That you could be prosecuted for one or the other, but not both?

A. Yes, sir.

Q. And I've also recommended to you specifically not to enter into this plea agreement as it relates to either the DWI or the assault second. Is that your understanding?

A. Yes.

Q. But even though I told you this, it is still your desire to enter such a plea?

A. Yes.

Q. You understand that by entering your plea of guilty to the assault second and also the DWI, that you waive your right to assert the double jeopardy argument?

1. Rule references are to Missouri Rules of Criminal Procedure (1994). That was the version in effect when Appellant filed the motion for post-conviction relief, hence that version governs this proceeding. Rule 24.035(m), Missouri Rules of Criminal Procedure (1996).

A. Yes, I do.

Q. And you're willing to waive that right and disregard the advice of counsel?

A. Yes."

The basis of defense counsel's advice to Appellant about double jeopardy is found in § 565.060.1, which reads:

"A person commits the crime of assault in the second degree if he:

. . . .

(4) While in an intoxicated condition . . . operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself. . . ."

The information in case 734 alleged, *inter alia,* that Appellant:

". . . while under the influence of alcohol, caused physical injury to R.L.B. . . . by striking him with a motor vehicle while in an intoxicated condition, when operating a motor vehicle with criminal negligence. . . ."

The information pled the above crime was committed September 4, 1993, in Howell County.

The information in case 732 alleged, *inter alia,* that Appellant, on September 4, 1993, operated a motor vehicle "on or near Rt. VV Brandsville" in Howell County while under the influence of alcohol.

Asked by the plea court what the State's proof would be, the prosecutor replied, insofar as pertinent to this appeal: on September 4, 1993, Appellant was operating a motor vehicle in a criminally negligent manner while under the influence of alcohol near Brandsville; a bicyclist saw Appellant's vehicle strike the victim (a minor), causing physical injury; Appellant stopped his vehicle, got out, approached the victim, then left the scene without advising anyone of his identity; a deputy sheriff responded to a call about the incident and found Appellant "behind the wheel of his vehicle"; Appellant failed some "sobriety tests" and admitted consuming "approximately ten beers."

The plea court addressed Appellant as required by Rule 24.02 and determined Appellant understood the plea agreement and was pleading guilty voluntarily. The plea court found there was a factual basis for each plea of guilty, accepted each plea, and imposed the agreed sentence in each case, ordering the three sentences to run consecutively.

After delivery to the Department of Corrections, Appellant commenced the instant proceeding by filing a pro se motion within the time required by Rule 24.035(b). The motion attacked only the conviction and sentence in case 732,[2] and pled only one ground for relief. That ground is unrelated to the double jeopardy claim articulated in Appellant's point relied on in this appeal.[3]

The lawyer appointed to represent Appellant in the motion court filed a timely amended motion averring, *inter alia,* that the conviction and sentence in case 732 violated Appellant's constitutional right "to be free from double jeopardy." Specifically, maintained the amended motion, the conviction and sentence in case 732 denied Appellant his constitutional protection against multiple punishments for the same offense. The amended motion hypothesized that the General Assembly did not intend that an accused be punished separately for the crimes in cases 732 and 734. The amended motion prayed the motion court to vacate the conviction and sentence in case 732. The amended motion, like the pro se motion, sought no relief in cases 733 and 734.[4]

---

**2.** The face of the pro se motion reads, *inter alia:* "CR 493–733 FX and CR 493–734 FX NOT CHALLENGED[.]"

**3.** The ground for relief in the pro se motion reads, verbatim: "In CR 493–732 FX DWI . . . Past DWI convictions in last ten years DO NOT constitute a PERSISTENT offender to warrant a felony sentence RSMO 577.023[.]"

**4.** The jurisdictional statement in Appellant's brief avers Appellant "challenged his convictions" in all three cases. The record clearly refutes that declaration. The reason for the misstatement may be that the lawyer who filed the amended motion for Appellant in the motion court is not the lawyer who authored Appellant's brief. Respondent, apparently misled by Appellant's jurisdictional statement, also tells us Appellant sought to vacate all three convictions in the motion court.

The motion court found Appellant "knowingly waived any constitutional immunity from double jeopardy by entering pleas of guilty to the crimes of assault in 2nd degree & DWI." Accordingly, as reported in the first sentence of this opinion, the motion court denied relief without an evidentiary hearing.

Appellant begins his argument by citing *Hagan v. State*, 836 S.W.2d 459 (Mo. banc 1992). There, as here, the accused pled guilty to three crimes. *Id.* at 460. One was second degree robbery by forcibly stealing the keys to a motor vehicle from the owner. *Id.* Another was stealing the motor vehicle itself. *Id.* Both of those crimes were allegedly committed at the same hour, on the same date, at the same location, and against the same victim. *Id.* at 461. The accused sought post-conviction relief, asserting the conviction for second degree robbery and the conviction for stealing violated the double jeopardy clause of the Fifth Amendment to the Constitution of the United States. *Id.*

The Supreme Court of Missouri said:

"Initially, we consider whether [the accused's] guilty plea waives his double jeopardy claim. The general rule in Missouri is 'that a plea of guilty voluntarily and understandably made waives all non-jurisdictional defects and defenses.' *State v. Cody*, 525 S.W.2d 333, 335 (Mo. banc 1975).... The right to be free from double jeopardy, however, is a constitutional right that goes 'to the very power of the State to bring the defendant in the court to answer the charge brought against him.' *Cody*, 525 S.W.2d at 335....

Weighing these competing interests *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), acknowledges the general rule that when an offender seeks to reopen a conviction based upon a guilty plea that has become final, 'the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.' *Id.* at 569, 109 S.Ct. at 762. Collateral attack is generally foreclosed if both of these requirements have been met. *Id.* An exception to this general rule of waiver, however, exists where it can be determined *on the face of the record* that the court had no power to enter the conviction or impose the sentence. *Id.* *Broce* stands for the proposition that a guilty plea does not waive a subsequent claim of a double jeopardy violation if it can be determined from the face of the record that the sentencing court had no power to enter the conviction or impose the sentence. We believe that the record that a reviewing court may consider in determining whether a double jeopardy claim can be considered on collateral attack consists solely of the State's information or indictment and the transcript of a movant's guilty plea."

*Hagan*, 836 S.W.2d at 461 (emphasis in original).

In the instant case, Appellant insists that the crime in case 734 (assault in the second degree) "incorporates the crime of driving while intoxicated by its terms" (the crime in case 732). In support of that premise, Appellant cites *State v. Bally*, 869 S.W.2d 777, 778 n. 2 (Mo.App.W.D.1994), where the State did not contest the accused's contention that driving while intoxicated is a lesser included offense in vehicular manslaughter.

Respondent's brief says:

"[T]he face of the record does not show that double jeopardy resulted from appellant being convicted of both DWI and assault in the second degree. While the record shows that appellant committed both of the offenses on September 4, 1993, in Howell County near Brandsville Missouri, the record does not show that the conduct involved in the offense of DWI occurred at the same time and place as the conduct involved in the offense of assault in the second degree.... It shows that appellant was found in his car in an intoxicated condition by a trooper who had received a call about an accident.... It also shows that he was found in his car at a different location than where the victim was injured by him.... In fact, one of his convictions was for leaving the scene of an accident. The record does not show that appellant was continuously driving while intoxicated, without interruption, from the time that he committed one offense to the time that he committed the other offense.

The record does not reflect what time the separate offenses occurred."

Appellant responds that the record demonstrates case 732 (driving while intoxicated) was "based on his driving at the time of the accident." Appellant emphasizes that when defense counsel announced during the guilty plea proceeding that Appellant's constitutional immunity from double jeopardy barred the State from prosecuting Appellant in both case 732 and case 734, the prosecutor did not claim that the two charges were "based on different conduct." Appellant also points out that the information in case 733 averred that the accident from which Appellant fled occurred September 4, 1993, on Route VV, Brandsville, in Howell County, the same date and location where the driving while intoxicated was alleged to have occurred in case 732. Inasmuch as that accident was the basis for case 734 (assault in the second degree), Appellant asserts the face of the record demonstrates that cases 732 and 734 were based on the same act of driving.

■ In deciding whether the face of the record demonstrates that cases 732 and 734 were based on the same act of driving, we observe that according to *Hagan*, the record we may consider consists of the informations and the transcript of the guilty plea proceeding. 836 S.W.2d at 461[5].

■ In ascertaining that a factual basis existed for each plea of guilty, the plea court asked Appellant sundry questions about the events of September 4, 1993. It is clear from those questions that the plea court construed the information in case 732 to plead that the act of driving on which it was based was the driving in which Appellant was engaged when his vehicle struck the victim, not any driving Appellant may have engaged in when he subsequently fled the scene of the injury. Nothing in the transcript even remotely suggests that the prosecutor's theory was that Appellant committed the crime in case 732 by driving from the site of the injury to the point (wherever it was) where the deputy sheriff found him.

We reach that conclusion because the prosecutor made no reference to any driving by Appellant after the injury, nor did the prosecutor reveal how far Appellant was from the site of the injury when the deputy sheriff found him. Furthermore, as emphasized by Appellant, the prosecutor did not challenge defense counsel's double jeopardy analysis by stating that the driving in case 732 was not the driving on which case 734 was based.

We therefore agree with Appellant that the face of the record demonstrates that cases 732 and 734 were based on the same act of driving. Accordingly, Appellant's pleas of guilty do not bar him from raising the double jeopardy claim set forth in his point relied on in this appeal. *Hagan*, 836 S.W.2d at 461[6].

■ Appellant's double jeopardy claim is based on the Fifth and Fourteenth Amendments to the Constitution of the United States. In that regard, we learn from *State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992):

"[T]he Fifth Amendment to the United States Constitution ... provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' The Fifth Amendment is made applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969).

The United States Supreme Court has determined that the federal double jeopardy clause protects defendants not only from successive prosecutions for the same offense after either an acquittal or a conviction, but also from multiple punishments for the same offense.... The protections afforded are distinct. 'In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy—protection against cumulative punishments—is designed to ensure that the sentencing discretion of the courts is confined to the limits established by the legislature.' *Ohio v. Johnson*, 467 U.S. 493, 498–99, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425 (1984)....

Double jeopardy analysis regarding multiple punishments is, therefore, limited to determining whether cumulative punishments were intended by the legislature.

*Missouri v. Hunter,* 459 U.S. 359, 366–69, 103 S.Ct. 673, 678–80, 74 L.Ed.2d 535 (1983). Where the legislature has specifically authorized cumulative punishment under two statutes proscribing the same conduct, the trial court or the jury may impose cumulative punishment under such statutes in a single trial without offending against the double jeopardy clause. *Id.* at 368–69, 103 S.Ct. at 679–80."

Section 556.041, RSMo 1986, reads:

"When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in section 556.046...."

Section 556.046, RSMo 1986, reads:

"1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged...."

The statute on which case 734 was based, § 565.060.1(4), RSMo Cum.Supp.1993, is set forth in pertinent part earlier in this opinion. The statute on which case 732 was based, § 577.010, RSMo 1986, reads:

"1. A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated ... condition...."

■■■ One of the elements of assault in the second degree, as proscribed by § 565.060.1(4), is that a person, while in an intoxicated condition, operate a motor vehicle. Under § 577.010.1, a person commits the crime of driving while intoxicated if he operates a motor vehicle while in an intoxicated condition. Applying § 556.046.1(1), quoted above, we hold the offense of driving while intoxicated, as proscribed by § 577.010.1, is included in the offense of assault in the second degree, as proscribed by § 565.060.1(4), in that the commission of

driving while intoxicated is established by proof of the same, but fewer than all of, the facts required to establish the commission of assault in the second degree. Consequently, we hold the General Assembly has determined in § 556.041(1), quoted above, that an accused may not be convicted of both driving while intoxicated, as charged in case 732, and assault in the second degree, as charged in case 734.

Having decided that, we hold Appellant's point relied on is correct in claiming he was subjected to multiple punishments for the same offense. However, as explained *infra,* that does not mean the motion court clearly erred in denying post-conviction relief.

As reported earlier, Appellant's amended motion for post-conviction relief, like his pro se motion, prayed the motion court to vacate the conviction and sentence in case 732. Now, Appellant's brief urges us to "reverse his convictions for driving while intoxicated and assault in the second degree."

The only authority Appellant cites in support of this new request is *Cody,* 525 S.W.2d 333, cited in the excerpt from *Hagan,* 836 S.W.2d at 461, quoted earlier in this opinion. According to Appellant, *Cody* demonstrates the plea court "was without jurisdiction to accept a plea on both charges" (presumably cases 732 and 734). Therefore, reasons Appellant: "Without jurisdiction there could be no valid waiver by virtue of appellant's entry of the guilty plea."

Appellant misreads *Cody.* There, the accused was charged with two counts: stealing a truck and stealing $5,000 worth of steel he had loaded onto the truck. 525 S.W.2d at 333. The truck and steel were taken at the same time and place from the same owner. *Id.* The accused pled guilty to both counts and received concurrent prison sentences. *Id.* at 334. On appeal, he claimed he committed only one crime, hence the two convictions and sentences "violated his right against being put twice in jeopardy for the same crime." *Id.*

The Supreme Court of Missouri held the larcenous incident constituted only one crime, not two.[5] *Id.* at 334–35[4, 5]. The

---

**5.** In *State v. Heslop,* 842 S.W.2d 72 (Mo. banc    1992), *cert. denied,* 508 U.S. 921, 113 S.Ct. 2369,

Court then considered whether the accused's pleas of guilty waived his double jeopardy claim. The Court declared the claim of double jeopardy "is an assertion of a constitutional grant of immunity." *Id.* at 335[7]. Such immunity goes "to the very power of the State to bring the defendant into court to answer the charge brought against him." *Id.* at 335. Thus, explained the opinion: "[T]he trial court was without power or jurisdiction to try the defendant twice for the same offense in the case before us." *Id.* On that rationale, the Court held:

"Appellant's guilty plea was accepted and sentence imposed on count I of the information before such action was taken with respect to count II. Under the foregoing authorities, the conviction had under Count II constituted a violation of his right not to be twice punished for the same offense. The judgment imposed on count II is therefore reversed and judgment on count I is affirmed."

*Id.* at 335–36.

■ In the instant case, the plea court sentenced Appellant in numerical order of the case numbers: 732, 733 and 734. Consequently, the sentence in case 732 was imposed before the sentence in case 734. Under *Cody*, the sentence in case 732 did not violate Appellant's constitutional protection against multiple punishments for the same offense, as punishment in case 734 had not yet been imposed. Accordingly, *Cody* supplies Appellant no basis for vacating the conviction and sentence in case 732.

■ Assuming, *arguendo*, that the conviction and sentence in case 734 would have been vulnerable to collateral attack under *Cody*, we emphasize, as explained earlier,

that Appellant never sought post-conviction relief in the motion court from the conviction and sentence in case 734. The time granted by Rule 24.035(b) for doing so has long since expired, thus any challenge to case 734 is time-barred and procedurally waived. *State v. Ridings*, 886 S.W.2d 190, 190–91[2] (Mo. App.S.D.1994).

We therefore hold the motion court did not clearly err in denying post-conviction relief. While that holding is a rigid application of *Cody*, it arrests further incertitude in this intricate and inharmonious area of the law. To illustrate the discordance, we note there is a decision by the Supreme Court of Missouri, *State v. Harper*, 353 Mo. 821, 184 S.W.2d 601 (1945), holding the plea of former jeopardy is personal to an accused and may be waived. In *Harper*, the trial court, on its own motion, set aside a guilty verdict and ordered a new trial. 184 S.W.2d at 603. The accused participated in the new trial without pleading former jeopardy. *Id.* The Supreme Court held the accused waived the former jeopardy plea. *Id.* at 604[7]. *Harper* has lain undisturbed since January 2, 1945.

There are also decisions by the Court of Appeals that a claim of double jeopardy is a personal right that can be waived. *Horsey v. State*, 747 S.W.2d 748, 754–56[5] and [6] (Mo. App.S.D.1988), held the accused waived a claim of double jeopardy by failing to assert it before trial. *State v. Miner*, 748 S.W.2d 692, 693–94[2, 3] (Mo.App.E.D.1988), held the accused waived a claim that double jeopardy barred his third trial by failing to assert the claim on appeal from the conviction at his second trial. *State v. Baker*, 850 S.W.2d 944, 947[1] (Mo.App.E.D.1993), held the accused waived the claim that convicting him of four counts of possessing a weapon on premises of

124 L.Ed.2d 275 (1993), the Supreme Court of Missouri stated: "A close reading of *Cody* reveals a belief that the single larceny rule is an imperative of the Double Jeopardy Clause, operating to prevent multiple punishment for a single criminal event." 842 S.W.2d at 75. However, explained *Heslop*, with the decision of the Supreme Court of the United States in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), "the constitutional foundation for the single larceny rule evaporated." 842 S.W.2d at 75. Continuing, *Heslop* said:

"The Double Jeopardy Clause is offended only to the extent that a court imposes a multiple

punishment where the legislature did not intend a multiple punishment. Moreover, since *Cody*, the legislature has adopted a comprehensive criminal code. Common law criminal rules are superceded by statutory directives. Thus, we are properly loath to superimpose the judicially created single larceny rule as a limit on the ability of the General Assembly to define crimes and determine punishment. We will not do so unless the rule is mandated by the constitution. To the extent that *Cody* is inconsistent with this opinion, it is overruled." *Id.* at [2, 3].

a correctional facility violated his constitutional protection against double jeopardy when he failed to raise it in the trial court.

Additionally, this District of the Court of Appeals has held at least twice that an accused waives a claim of double jeopardy by pleading guilty. *Raaf v. State,* 793 S.W.2d 211, 212[4] (Mo.App.S.D.1990)—decided two years before *Hagan,* 836 S.W.2d 459—held the accused, by pleading guilty to two drug charges, waived the claim that they were based on the same act and thus violated his constitutional right to be free of double jeopardy. *Soto v. State,* 858 S.W.2d 869, 870[2] (Mo.App.S.D.1993)—decided a year after *Hagan*—held the accused, by pleading guilty to two drug charges, waived the claim that they arose from a single set of circumstances and thus violated his constitutional right to be free from double jeopardy.[6]

To grant Appellant relief, we would have to go beyond *Cody,* 525 S.W.2d 333. That is, we would have to declare the conviction and sentence in case 732 constitutionally impermissible even though, at the time sentence was imposed in that case, sentence had not yet been imposed in case 734. We eschew adding any new quirks to this already discrepant area of the law.

Furthermore, Appellant cannot complain that the denial of post-conviction relief is manifestly unjust or fundamentally unfair. He knowingly and voluntarily chose to shun his double jeopardy claim and plead guilty despite defense counsel's advice to the contrary. Appellant received exactly the punishment for which he bargained. Had this appeal been successful, Appellant would have kept the benefit of the bargain in cases 733 and 734, while escaping the sentence to which he agreed in case 732.

The judgment of the motion court is affirmed.

PREWITT, P.J., and PARRISH, J., concur.

---

**6.** Perhaps *Soto* can be harmonized with *Hagan* by observing that nothing in *Soto* indicates the accused claimed the face of the record demonstrated his convictions violated his constitutional protection against double jeopardy.