STATE of Missouri, Appellant,

v.

**Alexander J. STECK, IV, Respondent.**

No. 24277.

Missouri Court of Appeals,
Southern District,
Division One.

March 4, 2002.

W. James Icenogle & Brian Keedy, Camdenton, for Appellant.

Timothy R. Cisar, Bridges, Cisar & Mizell, L.L.C., Lake Ozark, for Respondent.

ROBERT S. BARNEY, Chief Judge.

Appellant, State of Missouri ("the State") appeals from the judgment of the Circuit Court of Camden County dismissing, on the grounds of double jeopardy, the State's complaint charging Alexander J. Steck, IV ("Respondent") with two counts of assault in the second degree. § 565.060.1(4).[1] The State raises one point on appeal, discussed below. We affirm.

The facts of this case are not in dispute. On April 26, 2000, Respondent was involved in an automobile accident with another vehicle in the city limits of Osage Beach, located in Camden County, Missouri. An officer from the Osage Beach Police Department responded to the accident and issued Respondent two municipal summons for careless and imprudent driving and minor in possession. On September 21, 2000, Respondent appeared in Osage Beach Municipal Court and pled guilty to a charge of careless and imprudent driving and to an amended municipal charge of driving while intoxicated, as set out in Section 24–97 of the City of Osage Beach code of ordinances. This latter subsection provides that "[a] person commits the offense of driving while intoxicated if he operates a motor vehicle while in an intoxicated or drugged condition."

Unbeknownst to Respondent, his attorney, and the Osage Beach municipal prosecutor, on September 11, 2000, the Camden County prosecuting attorney's office filed a complaint against Respondent charging him with two counts of assault in the second degree. § 565.060.1(4). This subsection holds that an individual commits the crime of assault in the second degree if that person, "[w]hile in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself...."

On April 9, 2001, Respondent filed a motion to dismiss the State's charges based on the fact that his plea to driving while intoxicated in municipal court barred further prosecution by the State under the theory of double jeopardy and under section 556.041.[2] The trial court sustained Respondent's motion to dismiss.

In its sole point on appeal, the State contends that the trial court erred in dismissing its complaint against Respondent because the municipal conviction for driving while intoxicated did not bar the State's two count complaint of assault in the second degree under double jeopardy. The State maintains that in applying the "same elements" test first set out in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), explained *infra*, double jeopardy does not pertain in this case because "each offense does contain an element that the other does not." We do not agree.

---

**1.** Statutory references are to RSMo 2000.

**2.** Section 556.041 sets out, in pertinent part: When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if
(1) One offense is included in the other, as defined in section 556.046....

Section 556.046 sets out, in pertinent part:
1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when
(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged....

"*Blockburger* held that the double jeopardy inquiry requires a determination whether each offense contains an element not contained in the other. If each of the offenses does not contain different elements then a successive prosecution *is* barred by the double jeopardy clause." *State v. White*, 931 S.W.2d 825, 828 (Mo. App.1996); *see also State v. Burns*, 877 S.W.2d 111, 112 (Mo. banc 1994).[3] Applying the "same elements" test to these two charges, it is clear that the municipal violation of driving while intoxicated *does not* contain an added element not otherwise found in the State's charge of assault in the second degree. Stated another way, while assault in the second degree, § 565.060.1(4), contains elements not contained in the municipal violation of driving while intoxicated, all elements contained in the municipal violation of driving while intoxicated are contained in assault in the second degree.

In its decision, the trial court correctly relied on the holding of a recent case of this Court in *Rost v. State*, 921 S.W.2d 629 (Mo.App.1996). In *Rost*, this Court observed "that the commission of driving while intoxicated is established by proof of the same, but fewer than all of, the facts

required to establish the commission of assault in the second degree." *Id.* at 634. Therefore an accused may not be convicted of both driving while intoxicated and assault in the second degree. *Id.; see also State v. Karr*, 968 S.W.2d 712, 718 (Mo. App.1998) ("An individual may not be convicted of both driving while intoxicated and assault in the second degree pursuant to § 565.060.1(4) because driving while intoxicated is a lesser included offense of the method of second degree assault criminalized by that statute."). In so holding, this Court relied on the statutory language set out in sections 556.041 and 556.046, set out *supra. Rost*, 921 S.W.2d at 634. The trial court did not commit error in dismissing the State's complaint. Point denied.

The judgment of the trial court is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.

---

**3.** In *Burns,* Judge Limbaugh observed that §§ 556.041 and 556.046.1(1) appeared to codify the *Blockburger* "same element" test. *Id.* at 112.