**STATE of Missouri, Appellant,**

v.

**Gail L. DAWS, Respondent.**

**No. SC 90444.**

Supreme Court of Missouri,
En Banc.

May 25, 2010.

Jayne T. Woods, Atty's Gen. Office, Jefferson City, for appellant.

Rosalynn Koch, Public Defender's Office, Columbia, for respondent.

RICHARD B. TEITELMAN, Judge.

Gail L. Daws failed to yield to police officers who attempted to execute a traffic stop. Daws pleaded guilty to charges of failure to yield to an emergency vehicle in violation of section 304.022, RSMo 2000.[1] Following the guilty plea, the state charged Daws with the class D felony of resisting arrest in violation of section 575.150. The circuit court dismissed the charge for resisting arrest on grounds that the successive prosecution violated Daws' right to be free from double jeopardy. The judgment is reversed, and the case is remanded.

### FACTS

On January 20, 2008, two police officers activated emergency sirens and signaled Daws to stop her vehicle. Daws did not stop. Instead, Daws fled, driving in excess of 100 miles per hour and disregarding traffic signals along the way. When Daws finally stopped, she was issued a citation for failing to yield to an emergency vehicle

---

1. All statutory citations are to RSMo 2000, unless otherwise noted.

in violation of section 304.022. On March 5, 2008, Daws pleaded guilty to the class A misdemeanor of failure to yield to an emergency vehicle.

On April 3, 2008, the state charged Daws with felony resisting arrest and driving with a revoked license, section 575.150, and driving on a revoked license, section 302.321. Daws filed a motion to dismiss the resisting arrest charge on grounds that it violated her right to be free from double jeopardy. Daws asserted that her previous conviction for failure to yield to an emergency vehicle is a lesser-included offense with respect to the resisting arrest charge. The trial court sustained Daws' motion and dismissed the resisting arrest charge.[2] The state appeals.

## ANALYSIS

■ The double jeopardy clause of the Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb." *U.S. Const. amend. V.* The double jeopardy clause "contains two distinct protections for criminal defendants: (a) protection from successive prosecutions for the same offense after either an acquittal or a conviction and (b) protection from multiple punishments for the same offense." *State v. Flenoy,* 968 S.W.2d 141, 143 (Mo. banc 1998). Appellate review of double jeopardy claims is de novo. *State v. Kamaka,* 277 S.W.3d 807, 810 (Mo.App. 2009).

■ The proper test for assessing whether successive prosecutions violate double jeopardy is the *Blockburger* test, also known as the "same-elements" test. *United States v. Dixon,* 509 U.S. 688, 704,

113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). The *Blockburger* same-elements test asks "whether each offense contains an element not contained in the other; if not, the Double Jeopardy Clause bars a successive prosecution." *State v. Burns,* 877 S.W.2d 111, 112 (Mo. banc 1994). Given this formulation of the same-elements test, it follows that double jeopardy applies to lesser-included offenses and generally bars successive prosecutions involving lesser-included offenses. *See Brown v. Ohio,* 432 U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); section 556.041.1. The focus is on the elements of the offenses at issue, not the underlying conduct that resulted in the defendant being charged. *Dixon* at 704, 113 S.Ct. 2849.

■ The crux of this case is whether Daws' failure to yield to an emergency vehicle in violation of section 304.022 is a lesser-included offense of resisting arrest in violation of section 575.150. In pertinent part, section 556.046 provides that an offense is a lesser-included offense when:

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged....[3]

Section 304.022 provides that the crime of failure to yield contains three elements: 1) immediate approach of an emergency vehicle, 2) use of audible siren and lights visible in normal atmospheric conditions from a distance of 500 feet, and 3) the driver fails to yield the right of way to the emergency vehicle. In contrast, section 575.150 defines the crime of resisting or interfering with arrest as a felony when the following five elements are present: 1) a law enforcement officer is making or

---

2. Daws pleaded guilty to driving while her license was revoked. The trial court entered judgment and sentenced her to one year imprisonment.

3. Section 556.046.1 is effectively a codification of the *Blockburger* same-elements test. *Burns,* 877 S.W.2d at 112.

attempting to make a lawful arrest or stop, 2) the defendant knew or reasonably should have known of the law enforcement officer's attempt to arrest or stop, 3) the defendant resists arrest by fleeing; 4) the defendant resisted for the purpose of thwarting the law enforcement officer's attempt to arrest or stop by using or threatening the use of violence or physical force or by fleeing, and 5) the defendant fled in a manner that created a substantial risk of serious physical injury or death to another.

A comparison of the elements of the two crimes demonstrates that failure to yield is not a lesser-included offense of resisting arrest. The crime of failure to yield is premised on the failure to heed the approach of an emergency vehicle that is utilizing audible sirens and lights. The elements of the crime of resisting arrest make no mention of emergency vehicles, lights or sirens. Instead, the resisting arrest statute is premised on resistance to a lawful arrest or stop, whether that stop is executed on foot, from a vehicle or in any manner whatsoever. Committing the crime of resisting arrest does not necessarily mean that one also committed the crime of failure to yield. In other words, each offense contains elements that the other does not. Consequently, double jeopardy does not apply, and Daws may be prosecuted for resisting arrest even though she previously pleaded guilty to the charge of failure to yield to an emergency vehicle.

To avoid this conclusion, Daws argues that the two offenses are "functionally similar" in their provisions. Daws notes that in *State v. Clark*, 263 S.W.3d 666 (Mo.App. 2008), the court held that a subsequent prosecution for resisting arrest following a guilty plea to a municipal ordinance for failure to yield violated the double jeopardy clause. *Id.* at 673–674. The *Clark* court noted that the resisting arrest stat-

ute establishes a presumption that a person is fleeing a vehicle stop "if that person continues to operate a motor vehicle after that person has seen or should have seen clearly visible emergency lights or has heard or should have heard an audible signal emanating from the law enforcement vehicle pursuing that person." Section 575.150.3. According to *Clark*, this presumption effectively incorporates the defendant's failure to yield as elements of the offense of resisting arrest. Therefore, the elements of failure to yield are the first two elements of resisting a stop, and it becomes a lesser-included offense of resisting arrest. *Clark*, 263 S.W.3d at 673–74.

This argument is without merit. The presumption of flight is not an element of the offense. The presumption is simply an evidentiary rule to assist the state in proving the elements of the defendant's knowledge that a law enforcement officer is attempting to stop the individual and the defendant's intent to evade that law enforcement officer. It is an evidentiary presumption that, like any other presumption, can be rebutted by evidence. The presumption is not an element of the offense of resisting arrest. Therefore, Daws, as well as the court in *Clark*, is incorrect to conclude that the evidentiary presumption in section 575.150 supports a double jeopardy claim.

The judgment is reversed, and the case is remanded.

All concur.