**STATE of Missouri, Respondent,**

v.

**Thomas REANDO, Appellant.**

**No. WD 70472.**

Missouri Court of Appeals,
Western District.

June 29, 2010.

William J. Swift, Esq., Columbia, MO, for appellant.

Shaun J. Mackelprang, Esq., and James B. Fransworth, Esq., Jefferson City, MO, for respondent.

Before Division One: LISA WHITE HARDWICK, Presiding Judge, JAMES M. SMART, JR., and ALOK AHUJA, Judges.

LISA WHITE HARDWICK, Judge.

Thomas Reando appeals his convictions for second-degree involuntary manslaughter and two counts of second-degree assault. Following a bench trial, he contends the circuit court erred in entering judgment on all three of the offenses because: (1) the convictions violated his right against double jeopardy; and (2) the charging information was defective in failing to apprise him of the mental state the State was required to prove. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On April 4, 2007, Reando was driving westbound on Route N in Harrison County with his younger brother, Dustin Lambert, and their friend, C.B., as passengers. Reando had been drinking. Despite the hills, curves, and a posted speed limit of 55 mph on Route N, Reando was travelling at about 65 mph.

Cathy Holliday was eastbound on Route N as she rounded the curve at the top of a hill and saw Reando's vehicle in her lane. Holliday attempted to veer left, but Reando's vehicle collided with the passenger side of Holliday's vehicle. Dustin was killed in the collision; Holliday and C.B. were seriously injured.

In November 2007, the Harrison County Prosecutor filed an information charging Reando with second-degree involuntary manslaughter for the death of Dustin Lambert, and two counts of second-degree assault for injuries to Holliday and C.B. With regard to each offense, the information alleged that Reando acted with criminal negligence by operating a motor vehicle on the wrong side of the road. At Reando's request, venue was transferred to Grundy County, where on April 22, 2008, an amended information was filed with the same charges and allegations.

On May 24, 2008, the Missouri Highway Patrol issued Reando multiple traffic citations arising from the accident, including a ticket for failing to drive on the right half of the roadway, a misdemeanor offense pursuant to Section 304.015.2.[1] While the felony charges were pending in Grundy County, Reando pleaded guilty to the misdemeanor and was sentenced to thirty days in the county jail.

Reando then filed a motion to dismiss the felony charges, arguing that his continued prosecution for the felonies violated his right to be free from double jeopardy. He claimed the "failure to drive on the right half of the road" as charged under Section 302.015 was a lesser-included offense of involuntary manslaughter and second degree assault. The Grundy County

---

1. All statutory references are to Revised Statutes of Missouri (2000) as updated by the Cumulative Supplement (2009) unless otherwise noted.

738

Circuit Court took the motion under advisement.

The State sought leave to file a Second Amended information that included the same three charges but alleged criminal negligence by operating a motor vehicle in a careless and imprudent manner. The circuit court overruled Reando's objections to the timeliness of the amendment and granted leave to file the Second Amended Information.

Reando waived a jury and consented to a bench trial. The circuit court denied Reando's motion to dismiss, finding no double jeopardy. After hearing the evidence, the court found Reando guilty on all counts and sentenced him to a total of fourteen years in prison. Reando appeals.

## ANALYSIS

### *Double Jeopardy*

In his first point on appeal, Reando contends the circuit court violated his right against double jeopardy by entering judgment on the convictions for involuntary manslaughter and two counts of second-degree assault. Because he had previously pled guilty to the misdemeanor offense of failing to drive on the right half of the road, Reando argues that same misconduct is a lesser included offense of the three felonies and that he has been improperly subjected to double punishment. Our review of this double jeopardy claim is *de novo* and, thus, without deference to the circuit court's determination. *State v. Kamaka*, 277 S.W.3d 807, 810 (Mo.App.2009).

"The Fifth Amendment to the United States Constitution guarantees the right against double jeopardy, and the Due Process Clause in the Fourteenth Amendment extends that protection to the state prosecutions." *State v. George*, 277 S.W.3d 805, 807 (Mo.App.2009). "The doctrine of double jeopardy generally protects defendants from successive prosecutions for the same offense after an acquittal or conviction and from multiple punishments for the same offense." *Id.*

Double jeopardy principles do not, however, automatically preclude prosecution for multiple offenses arising out of the same conduct. If the conduct establishes commission of more than one offense, a person may be prosecuted for each offense unless one is "included in the other." Section 556.041. One offense is considered "included" in another if "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Section 556.046.1(1). "An offense is a lesser included offense if it is impossible to commit the greater without necessarily committing the lesser." *State v. Derenzy*, 89 S.W.3d 472, 474 (Mo.banc 2002).

In considering whether one offense is included in another, our courts apply the "same elements" test established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and codified at Section 556.041 and 556.046.1(1). *State v. Burns*, 877 S.W.2d 111, 112 (Mo.banc 1994).

> "[W]e simply determine the elements of the offenses at issue and compare them. If this comparison establishes that they do not each have an element that the other offense lacks, the guarantee against double jeopardy bars the prosecution of the second offense. If both offenses have elements that the other lacks, the guarantee does not bar the subsequent prosecution."

*State v. Clark*, 263 S.W.3d 666, 671 (Mo. App.2008) (internal citations omitted). "[O]nly the statutory elements of the offenses are relevant, not the evidence adduced at trial." *State v. Dennis*, 153 S.W.3d 910, 919 (Mo.App.2005).

■ Reando pled guilty to a misdemeanor traffic offense under Section 304.015.2, which provides in relevant part:

Upon all public roads or highways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:

(1) When overtaking and passing another vehicle proceeding in the same direction pursuant to the rules governing such movement;

(2) When placing a vehicle in a position for and when such vehicle is lawfully making a left turn in compliance with the provisions of section 304.014 to 304.025 or traffic regulations thereunder or of municipalities;

(3) When the right half of the roadway is closed to traffic while under construction or repair;

(4) Upon a roadway designated by local ordinance as a one-way street and marked or signed for one-way traffic.

This offense requires proof of three elements: (1) that Reando was driving a vehicle on "a public road or highway of sufficient width"; (2) that he failed to drive on the right half of the road; and (3) that none of the four listed exceptions apply.

■ These elements differ significantly from the felony offenses for which Reando was convicted. "A person commits the crime of involuntary manslaughter in the second degree if he acts with criminal negligence to cause the death of any person." Section 565.024.3. Thus, the State was required to prove: (1) that Reando acted with criminal negligence; (2) to cause the death of any person. And, as charged in Reando's case, "[a] person commits the crime of assault in the second degree if he: ... [r]ecklessly causes serious physical injury to another person[.]" Section 565.060.1(3). This offense also required proof of two elements: (1) that Reando acted recklessly; (2) to cause serious physical injury to another person.

■ Based on the statutory elements of the offenses, it is clear that failing to drive on the right half of the road is not a lesser included offense of either second-degree involuntary manslaughter or second-degree assault. The misdemeanor offense contains elements—driving on a public roadway and failing to remain on the right half of the road—which are not necessary elements of either second degree involuntary manslaughter or second degree assault. The felony crimes can be committed without proof that a defendant was driving at all. Additionally, the felony offenses require proof of death or serious physical injury, while the misdemeanor violation does not require proof of any injury. Because the misdemeanor has elements the felony offenses lack and vice versa, the Double Jeopardy Clause does not bar Reando's prosecution on the felonies. *See Kamaka,* 277 S.W.3d at 813.

Reando argues that the misdemeanor offense is a lesser included offense of the felonies because the State would have been unable to prove criminal negligence or recklessness without first proving he drove on the wrong side of the road. This argument relies upon the evidence or facts the State used to prove the felony offenses, not on the elements of those offenses—an approach that was expressly rejected by the Supreme Court in *United States v. Dixon,* 509 U.S. 688, 703–04, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).[2] Driving on

**2.** Notably, *Dixon* overruled the Supreme Court's prior holding in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), a case with remarkably similar facts to those before us.

In *Grady,* the defendant drove his car over the double yellow line and crashed into on-

the wrong side of the road is not an *inherent* part of the proof required to show criminal negligence or recklessness; thus, it is not a necessary fact to establish any of the felonies and does not qualify as a lesser-included offense under the provisions of Section 556.046.1(1). *See Kamaka*, 277 S.W.3d at 814–15. Here, for example, the State presented additional evidence that Reando acted negligently and recklessly by driving at an excessive speed after he had been drinking. The State's case was not solely based on the fact that Reando drove on the side of the road, and none of the elements of the felony charges either expressly or implicitly required proof that Reando drove on the wrong side of the road.

Reando relies on *Clark*, 263 S.W.3d 666 and *State v. Steck*, 68 S.W.3d 625 (Mo.App. 2002), two cases that applied the *Blockburger* "same elements" test to identify lesser-included offenses. In *Clark*, this court held the defendant's conviction on a "resisting a lawful stop" violated the Double Jeopardy Clause because the first two elements of the charge were the same as those to which he had already pled guilty under a city ordinance requiring drivers to pull over when an emergency vehicle approaches. 263 S.W.3d at 673–74.[3] In *Steck*, the court found a municipal conviction for DWI barred a subsequent state prosecution for second-degree assault charged under Section 565.060.1(4) (for driving in an intoxicated state and causing injury to another) because the DWI was a lesser included offense. 68 S.W.3d at 626. Because the elements of the second degree assault as pleaded entirely encompassed the elements of the municipal DWI, the prosecution was barred under the "same elements" test of *Blockburger*. *Id.* at 626–27.

Unlike the situations in *Clark* and *Steck*, the elements of Reando's misdemeanor offense are not included in any of his charged felony offenses. His failure to drive on the right side of the road was evidence of his criminal negligence and recklessness, but that conduct was not an

---

coming traffic, killing one person and seriously injuring another. 495 U.S. at 511, 110 S.Ct. 2084. He pled guilty to misdemeanor traffic tickets for DWI and failing to keep right of the median. *Id.* at 512–13, 110 S.Ct. 2084. Later, he was charged with manslaughter and assault for reckless conduct that included driving too fast for the road conditions and operating a vehicle while intoxicated. *Id.* at 513, 110 S.Ct. 2084. Grady argued the felony prosecutions were barred by double jeopardy because the State would rely on the prior traffic offenses to prove the manslaughter and assault charges. *Id.* at 514–15, 110 S.Ct. 2084. The Supreme Court agreed, concluding that even though the charges survived the *Blockburger* "elements" test, "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 521, 110 S.Ct. 2084.

Three years later, the Court overruled *Grady* finding its "same conduct" rule to be inconsistent with earlier Court precedent and "the clear common-law understanding of double jeopardy." *Dixon*, 509 U.S. at 704, 113 S.Ct. 2849. The Court concluded the government could bring charges against a defendant even if the charges depend on proof of conduct for which that defendant had already been prosecuted, unless those charges are barred by the *Blockburger* "same elements" test. *Id.* at 703–04, 712, 113 S.Ct. 2849; *State v. Burns*, 877 S.W.2d 111, 112 (Mo.banc 1994).

3. The reasoning in *Clark* was recently overruled in *State v. Daws*, 311 S.W.3d 806 (Mo. banc 2010), wherein the Court held that the presumption of flight (arising from the failure to heed emergency signals) is merely an evidentiary rule and not an "element" of the offense of resisting arrest. *Id.* at 809. Therefore, the "elements" of the two charges were not the same and would not support a double jeopardy claim. *Id.*

"element" of those crimes. *See Hoover v. Denton,* 335 S.W.2d 46, 48–49 (Mo.1960), and *Daws,* 311 S.W.3d at 809. Accordingly, the circuit court did not put him in double jeopardy by entering judgment on the convictions for second-degree involuntary manslaughter and second-degree assault. Point I is denied.

### Sufficiency of the Information

In Point II, Reando contends the Second Amended Information failed to apprise him of the mental state the State was required to prove to convict him of the involuntary manslaughter and assault charges. The Second Amended Information alleged, in pertinent part, the following:

> [The State] charges that the defendant, in violation of Section 565.024 RSMo, committed the class D felony of involuntary manslaughter in the second degree ... in that on or about April 4, 2007, ... the defendant caused the death of Dustin Lambert by being the driver of an automobile in which Dustin Lambert was a passenger, by operating the motor vehicle with criminal negligence in that the defendant was operating the motor vehicle in a careless and imprudent manner, causing an accident[.]

> [The State] charges that the defendant, in violation of Section 565.060, RSMo, committed the class C felony of assault in the second degree ... in that on or about April 4, 2007, ... the defendant recklessly caused serious physical injury to Kathy (sic) Holliday acting with criminal negligence in that the defendant was operating the motor vehicle in a careless and imprudent manner causing it to strike the vehicle that Kathy (sic) Holliday was driving, causing serious physical injury to Kathy (sic) Holliday[.]

> [The State] charges that the defendant, in violation of Section 565.060 RSMo, committed the class C felony of assault

in the second degree ... in that on or about April 4, 2007, ... the defendant recklessly caused serious physical injury to C.B. by acting with criminal negligence in that the defendant was operating a motor vehicle that C.B. was a passenger in; in a careless and imprudent manner and caused the vehicle to strike another vehicle, causing serious physical injury to C.B.

Reando claims prejudice because he was required to defend against multiple mental states as to each count. He also asserts the use of multiple mental states reduced the State's burden of proof on the felony offenses.

 Although Reando objected to the State's request for leave to file the Second Amended Information and raised the claim in his new trial motion, the basis for his objection was timeliness and not the sufficiency of the charge. Consequently, his newly raised claim on appeal is subject to a narrow scope of review for actual prejudice.

An information or indictment will be deemed insufficient, where the issue is raised for the first time after a verdict or judgment, "only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced."

A defendant is only entitled to relief based on a post-trial claim that the information is insufficient if the defendant demonstrates actual prejudice.

*State v. Williams,* 126 S.W.3d 377, 380–81 (Mo.banc 2004) (internal citations omitted).

 To test the sufficiency of an indictment, we must consider whether it contains all of the essential elements of the

statutory offense and clearly informs the defendant of the facts constituting the offense. *State v. Hodges,* 829 S.W.2d 604, 606 (Mo.App.1992). Here, the charging document cited the statutes under which Reando was charged and the level of culpability required for his conviction. That level of culpability was reflected in the information under each count: criminal negligence for second degree involuntary manslaughter and recklessness for second degree assault. It alleged the date of the offenses and the specific acts providing the factual basis for the charges. The Second Amended Information was adequate to inform Reando of the charges against him.

Although the Information further alleged that Reando had driven his vehicle in a "careless and imprudent manner," this general description of his conduct did not misstate the necessary culpable mental state. The language was used to broadly describe the conduct leading to the charges. Such language is surplusage and does not entitle Reando to a new trial. Section 545.030.1(14).

The *State v. Ricker* case on which Reando relies is distinguishable. 936 S.W.2d 167 (Mo.App.1996). In *Ricker,* the information charged the defendant with acting "recklessly" when the first-degree assault statute required that he act "knowingly." 936 S.W.2d at 170. The court reversed the conviction because the necessary culpable mental state was misstated in the charging document. *Id.* at 171. The misstatement reduced the State's burden of proof and allowed the jury to convict the defendant of first degree assault for acting recklessly instead of knowingly. *Id.* By contrast, the information in Reando's case included the

requisite mental state and also provided a statutory reference to which the circuit court could refer if there was any question about the applicable standard.[4] The inclusion of additional factual information in the information did not lower the State's burden of proof, particularly in this bench-tried case where the circuit court is presumed to understand and apply the proper mental state. *State v. Poole,* 216 S.W.3d 271, 277 (Mo.App.2007).

▮ Reando further argues his defense was hampered because he was forced to defend against the multiple and contradictory mental states in the Second Amended Information. His defense was that his brother's death and the injuries to Cathy Holliday and C.B. were the result of a tragic unfortunate accident for which he lacked the requisite mental state. As explained herein, the Second Amended Information was sufficient to apprise Reando of the charges against him, the requisite mental states, and the factual bases for the allegations. Although there were separate mental states listed for each offense, there was nothing to contradict the State's obligation to prove criminal negligence for second degree involuntary manslaughter and recklessness for second degree assault. Reando has not demonstrated how he would have defended the matter differently if the information had not contained the additional facts on which his charges were based. In the absence of any specific indication that his defense was hindered by the alleged defects in the information, Reando is not entitled to relief. *See Williams,* 126 S.W.3d at 381.

Reando has failed to demonstrate any defects in the Second Amended Informa-

---

4. In *State v. Parkhurst,* 845 S.W.2d 31, 35 (Mo.banc 1992), the Supreme Court determined that failing to include the "knowingly" level of culpability in an information was not a fatal defect under circumstances such as we have here. The statute containing the mental state was included in the information and other factual allegations gave the defendant adequate notice of the crime with which he was charged. *Id.*

tion that resulted in actual prejudice. Accordingly, we find no error and deny his second point on appeal.

CONCLUSION

We affirm the circuit court's judgment.

All Concur.