## WATKINS *et al. v.* SIMMONS.

No. 9903.   JULY 12, 1934.

*J. E. Hall Jr.,* and *E. W. Maynard,* for plaintiffs in error.
*Hallie B. Bell,* contra.

BECK, P. J.   Joe Simmons filed a petition for habeas corpus, alleging that Ben T. Watkins, chief of police, and Theodore W. Ellis Jr., superintendent of streets, and others were illegally restraining him of his liberty, in that he was convicted under a void ordinance passed by the Mayor and Council of the City of Macon, and that he was sentenced to the city stockade, where he was forced to work out his sentence.   He contends that the ordinance under which he was convicted was void for certain reasons stated.   The respondents contend that the ordinance is valid, and that the conviction and sentence under the ordinance were valid.   Upon the hearing of the case the court declared the ordinance void, and ordered that the petitioner be released and discharged.

The ordinance in question is in part as follows:

"An ordinance providing that it shall be unlawful to keep a place where liquors, either alcoholic, malt, or vinous, are kept and sold, and where men and women come and drink, either in the room where such liquors are kept and sold, or in a place of business, or other place connected therewith, or in a place not connected with such place where liquors are kept or sold, and where men and women drink, and where immorality is practiced, or where men and

women idle without any visible means of support, and who do not work, and for other purposes.

"Section 1. Be it ordained by the Mayor and Council of the City of Macon, that it shall be unlawful for any person to keep or maintain a place where alcoholic or vinous liquors are kept or sold, and where men and women are permitted to come and drink alcoholic, malt, or vinous liquors, either in the place or room where such liquors are kept or sold, or in a place of business, or other place connected therewith, or in a place not connected with such place where such liquors are kept or sold, and where men and women drink or commit acts of immorality in said place, or a place where men or women idle away their time without visible means of support, and who do not do any work.

"Section 2. Be it further ordained, that it shall be unlawful for any person to go to such place for the purpose of drinking alcoholic, malt, or vinous liquors, or to go to such place for the purpose of idling away their time, and who do not have any visible means of support; and it shall also be unlawful for any person at such place to commit acts of immorality.

"Section 3. Be it further ordained, that if any person shall violate any of the provisions of this ordinance, he shall be punished upon conviction by the recorder of the City of Macon as prescribed by the act creating the recorder's court of the City of Macon, or the acts amendatory thereof."

There are two other sections of the ordinance which it is not necessary to set forth, as they are not in question here.

█ In the opinion rendered in the case the court held that the first section of the ordinance is "too comprehensive, vague, indefinite, and sweeping in its terms to be reasonable; and furthermore each of the acts which are made illegal by the ordinance are covered by State laws, and therefore the municipality would have no right to legislate concerning these matters." We can not concur in this conclusion. We recognize, of course, the general principle, which has been often stated, that a municipal ordinance punishing an act made penal by a State law covering the same subject-matter must yield to the State law, and one charged with a crime could not be punished under such an ordinance. But we can not agree that section 1 of the ordinance now under consideration is in violation of that general principle. It is true that we have a statute of the

State declaring it unlawful for any person, firm, corporation, or individual to have, control, or possess, in this State, any liquors or beverages, whether intended for personal use or otherwise, save as expressly excepted. But in the ordinance there are other elements introduced than the keeping, possessing, or having in possession the liquors referred to. This ordinance prohibits any person from keeping or maintaining a place where alcoholic or vinous liquors are kept or sold, *and* where men and women are permitted to come and drink alcoholic, malt, or vinous liquors, either in the place or room where such liquors are kept or sold, or in the place of business or other place connected therewith, or in a place not connected with such place where such liquors are kept or sold *and* where men and women drink or commit acts of immorality in such place, or a place where men or women idle away their time without visible means of · support, and who do not do any work. A comparison of this section of the ordinance will show that there are several elements introduced into it which are not in the criminal statute of the State referred to above. And that being true — that is, a new element being introduced—makes the ordinance different from the State law. In *Callaway* v. *Mims,* 5 *Ga. App.* 9 (62 S. E. 654), the court used the following language: "In deciding whether a municipal ordinance is invalid by reason of the existence of a State criminal statute on the same general subject, the courts look not merely to the concrete acts which may in actual cases furnish the basis for convictions, but they examine both the statute and the ordinance, with the view of ascertaining the theoretical evils to be remedied by each, and thus determine whether the gist of the offense in each is the same; if so, the ordinance, unless it has been enacted in pursuance of direct express authorization by the General Assembly, is void; otherwise, it is valid, provided, of course, the subject-matter of the ordinance is legitimately within the purview of the express or implicit police power with which the municipality has been clothed." It will be observed from the above decision that the main purpose of the ordinance is different from the prohibition law, and the acts sought to be punished by the ordinance are not identical with the acts sought to be punished by the statute. It was further said in the *Callaway* case: "In cases where there has been an attempt to set aside an ordinance because of the existence of State statutes on the same subject, various tests have been proposed for

the determination of whether there is such an identity between the crimes created by the State laws and the offenses created by the ordinances as to make the latter invalid. That the offender will be liable to prosecution under the State statute for something done in connection with the act by which the ordinance is violated, or for an act which merely tends to make proof of some element of the municipal offense, creates no such identity; for example, that the offender, under an ordinance forbidding the keeping for the purpose of unlawful sale, will be subject to criminal prosecution for making the sale does not rob the municipality of authority to punish under the ordinance, although the purpose of the keeping be shown only by the fact that the illegal sale did take place. *Menken's* case, 78 *Ga.* 668 (2 S. E. 559). To quote the terse statement of Chief Justice Bleckley in the case just cited, 'An offense committed against one jurisdiction can not be wiped out by committing another against another jurisdiction.' If the offense recognized by the ordinance contains an 'ingredient or concomitant' which is essential to the city's peace, health, or good order, and which is not covered by the State law, the ordinance is valid."

In *Morris* v. *State,* 18 *Ga. App.* 684 (90 S. E. 361), it was held: "An act penalized by a law of the State may be penalized also by a municipal ordinance, if there is in the municipal offense some essential ingredient not essential to the State offense, or if the municipal offense lacks some ingredient essential to the State offense. In such case a conviction of the municipal offense is no bar to punishment for the State offense." And in *Loach* v. *LaFayette,* 19 *Ga. App.* 639 (91 S. E. 1057), it was said: "A municipal ordinance which prohibits keeping open any store or other place of business within the corporate limits of a city on the Sabbath day for the purpose of selling or vending any article of merchandise is not subject to attack on the ground that it penalizes an act forbidden by section 416 of the Penal Code (1910), which declares that 'any person who shall pursue his business, or the work of his ordinary calling, on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor.' Pursuing one's business, or the work of his ordinary calling, on the Sabbath is distinct from keeping open a place of business within a municipality for the purpose of carrying on such business or work. A municipality may by ordinance penalize an act performed by one

for the purpose of enabling him to accomplish another and distinct act which itself constitutes a violation of a State statute." Certain of the acts set forth in the petition, if commited alone, would fall within the statute of the State; but essential ingredients are added to make complete the crime prohibited by the ordinance.

The court held in reference to section 1, that it is too comprehensive, vague, indefinite, and sweeping in its terms to be reasonable. At first reading, the ordinance may seem to be open to this objection. It is comprehensive and sweeping in its terms. But the lawmaking body of the municipality had before them when they passed this ordinance a certain definite situation, a situation which will be created in any city unless there is some such ordinance as this to meet it; that is, the keeping of a place where intoxicating liquors are sold *and* where men and women are permitted to come and drink liquors, either in the room where the liquors are kept and sold, or some place connected therewith, *and* where men or women drink or commit acts of immorality, *and* where men and women idle away their time. Nor is the ordinance objectionable because it covers the offense of keeping lewd houses, etc., as defined in the statute.

■ Moreover, the court erred in holding that the second section of this ordinance is invalid "because the subject-matter thereof is in no way included in the caption, and this would render the ordinance illegal and void, as no law not indicated in the caption can be legally enacted in the body of the act." Article 3, section 7, paragraph 8, of the constitution of this State (Civil Code, § 6437), which provides that "no law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof," has no application to ordinances passed by municipal authorities.

■ If, as contended, the charge against the defendant was too vague, uncertain, and indefinite, as made in the summons or accusation, the special demurrer should have called attention to this fact.

There were other objections to the ordinance, but what we have said above shows all the grounds upon which the court held the ordinance void; and in our opinion the court erred in holding the ordinance void upon the grounds upon which he passed. From what is said above, it will be seen that this court is of the opinion

that the·court below erred in ordering the release and discharge of the prisoner.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent because of illness.*