45783.   BARRETT v. THE STATE.

HALL, Presiding Judge. Defendant appeals on certificate of the trial court from the denial of his motion to dismiss two indictments on the grounds of autrefois convict.

As the result of one "transaction," defendant was arrested and charged with aggravated assault, simple battery, disorderly conduct, creating a turmoil and being drunk. The next morning in the Atlanta Municipal Court he plead guilty to creating a turmoil and was sentenced to $27 or 25 days. He was then bound over to the Fulton Superior Court and indicted for aggravated assault and two counts of simple battery.

Defendant contends that a second prosecution by the State, based on the same acts for which he was convicted in municipal court and which are lesser included offenses, violates the double jeopardy provisions of the Fifth and Fourteenth Amendments of the United States Constitution. He cites the recent case of Waller v. Florida, 397 U. S. 387 (90 SC 1184, 25 LE2d 435).

His contention is without merit. The Waller opinion specifically states that the court was considering only the narrow question of the asserted power of two courts within one state to try a defendant for the same alleged crime; and that it was not deciding, but acting on the statement of the Florida Court of Appeal that the ordinance violations were included offenses of the felony charge.

The situation here is completely different. Unlike those of Florida,

Georgia courts have long recognized that a person may not be convicted by both the State and a municipality for the same crime. *Menken v. City of Atlanta,* 78 Ga. 668 (2 SE 559); *Callaway v. Mims,* 5 Ga. App. 9 (62 SE 654); *Morris v. State,* 18 Ga. App. 684 (90 SE 361); *Watkins v. Simmons,* 179 Ga. 162 (175 SE 493). The test for determining if there is a fatal identity between the crime and the ordinance is whether the ordinance contains an ingredient or element, essential to the city's peace but not essential to the State offense, or if the offense created by the ordinance lacks some element essential to the State crime. *Menken v. City of Atlanta,* supra; *Morris v. State,* supra.

Under this test, the ordinances violated by defendant are neither identical nor lesser included offenses of the State crimes for which he was indicted. See the wording in Code of City of Atlanta, § 20-7; State *Code Ann.* §§ 26-1302, 26-1304.

The court did not err in denying defendant's motion to dismiss the indictments.

> *Judgment affirmed. Eberhardt and Whitman, JJ., concur.*
> SUBMITTED JANUARY 11, 1971—DECIDED JANUARY 25, 1971.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, William M. Weller, Tony H. Hight,* for appellee.