**STATE of Missouri, Plaintiff–Respondent,**

v.

**Michael R. PATTON, Defendant–Appellant.**

No. 24482.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 25, 2002.

S. Dean Price, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Sara L. Trower, Asst. Atty. Gen., Jefferson City, for respondent.

Before PREWITT, P.J., PARRISH, J., and MAUS, S.J.

PER CURIAM.

Michael R. Patton ("Defendant") appeals from a judgment entered after he was convicted by a jury and sentenced by the trial judge for receiving stolen property, § 570.080, RSMo (2000). Defendant alleges the trial court erred when it denied his oral motion for a continuance first requested on the morning of the trial. We disagree. We affirm.

On December 7, 2000, Missouri highway patrolman Brad Bearden ("Bearden") attempted to stop a grey-primered El Camino for speeding, but failed as the vehicle outran the officer. Bearden asked local sheriff's deputy Jerry Gilbert ("Gilbert") to help hunt the driver of the El Camino. After receiving information on the whereabouts of the El Camino, Bearden and Gilbert went to the address given to them. When they arrived, they found Defendant and Trevis Moss ("Moss") in the back of a pickup truck and saw Moss unloading a motorcycle from the back of the truck. They also saw Defendant get out of the bed of the truck and stand next to his girlfriend as Moss continued to unload the motorcycle. When Moss saw the officers, he ran from them. Gilbert and Bearden then pursued him on foot. During the chase, Bearden fell and when he got to his feet, he noticed that Defendant and his girlfriend were in the truck and driving away. Bearden commanded Defendant to stop the truck, and after the third request and with a gun pointed at him, Defendant complied. Moss was also apprehended at that time and placed under arrest. Neither the truck nor the motorcycles belonged to anyone at the location. Defendant admitted that he knew the motorcycles were stolen, but they "belonged" to Moss. Defendant and Moss were both charged with receiving stolen property.

Defendant's first trial occurred on May 15, 2001, and resulted in a hung jury. Defendant was tried again on July 18, 2001, and was found guilty by a jury. On the morning of the second trial, Defendant sought a continuance in order to "get the necessary writs, take depositions" of Moss. Moss was apparently apprehended on separate charges in Oklahoma and was being held by the authorities there. The court denied the motion for continuance because

the case had been pending for some time and it was "highly unlikely" that Moss would "actually confess[] himself into a conviction." For his sole point on appeal, Defendant alleges the court's denial of the continuance motion constituted reversible error because it prevented him from presenting a defense as Moss's testimony was "material, favorable and necessary."

A decision to grant or deny a continuance is within the trial court's sound discretion, and an appellate court will not interfere with that decision absent a very strong showing of abuse and prejudice. *State v. Taylor,* 944 S.W.2d 925, 930[2] (Mo.banc 1997). Rule 24.09 reveals that a motion for a continuance must be in writing accompanied by an affidavit setting forth the facts upon which the motion is based unless the adverse party consents to an oral motion.[1] *State v. Dodd,* 10 S.W.3d 546, 555[26] (Mo.App.1999). When a continuance request is based upon the absence of a witness, Rule 24.10 requires the application show the materiality of the potential testimony, the particular facts the witness will prove, due diligence on the part of the defendant to obtain the testimony, and reasonable grounds to believe the attendance or testimony of the witness will be procured within a reasonable time. *Dodd,* 10 S.W.3d at 555. "Failure to comply with Rules 24.09 and 24.10 alone is sufficient to sustain the trial court's ruling." *Id.* at 555[27].

Here, on the morning of the trial, Defendant sought a motion for continuance without following the procedures mandated by Rules 24.09 and 24.10. There is no indication that the prosecution consented to such procedure. For this reason alone, Defendant's point must fail. *See State v. Sweet,* 796 S.W.2d 607, 613 (Mo.banc 1990).

Moreover, Defendant's oral motion to the court did not contain sufficient facts to comply with Rule 24.10. To the contrary, Defendant revealed that it was unknown whether Moss would testify, what his testimony would be, or why Moss was not contacted sooner. Moreover, Defendant's attorney stated it was "very likely" Moss "*could* be a crucial witness" because of the statements he made to Bearden and Gilbert that he had purchased the motorcycles. (Emphasis supplied.) However, at least the substance of these statements was put into evidence via testimony from Gilbert, i.e., Defendant told him that the motorcycles "belonged" to Moss.

To obtain a continuance, the defendant must show the witness's testimony can be obtained within the additional time requested and the testimony sought is material. *State v. Wells,* 701 S.W.2d 554, 557[7] (Mo.App.1985). Moreover, the refusal to grant a continuance for a missing witness will not be reversed on appeal unless the witness's testimony would probably result in a different outcome. *Dodd,* 10 S.W.3d at 554–55[25]. Here, Defendant failed to assert that Moss would testify and did not reveal the substance of his potential testimony. Defendant also made no showing why Moss was not contacted during the two-month interim between the first trial and the second trial. If Moss were to testify that he purchased the motorcycles, then this testimony was, in most material respects, already introduced into evidence via Gilbert's testimony. Defendant has wholly failed to show why Moss's testimony would have changed the outcome of the trial. For all of the stated reasons, Defendant's point is denied.

The judgment is affirmed.

---

1. All rule references are to Supreme Court Rules (2001), unless otherwise stated.