**In the Interest of R.R.M., Appellant,**

v.

**JUVENILE OFFICER, Respondent.**

**No. WD 67064.**

Missouri Court of Appeals,
Western District.

June 12, 2007.

Jonathan M. Linas, Kansas City, MO, for appellant.

Lori Lee Stipp, Kansas City, MO, for respondent.

Before JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge and JOHN I. MORAN, Judge.

JOSEPH M. ELLIS, Judge.

R.M. appeals from a judgment entered in the Circuit Court of Jackson County adopting the findings and recommendations of a Family Court Commissioner and ordering R.M. delivered to the custody of the Division of Youth Services. Specifically, R.M. challenges the finding that he sexually molested another juvenile, D.H., and that he was, therefore, guilty of child molestation. For the following reasons, we must reverse and remand for further proceedings.

In December 2004 and January 2005, fifteen-year-old R.M. was living in the house of his stepfather, Anthony Pree, at 5800 Garfield in Kansas City, Missouri. Pree's nieces, six-year-old D.H. and her younger sister, also lived in the house, along with Pree's mother and an adult cousin.

On May 1, 2005, after she too had moved into the house, Stephanie Booth reported to authorities that D.H., who was seven years old at the time, claimed to have previously been molested by R.M. D.H. was subsequently questioned by a police officer and a forensic interviewer. In those interviews, D.H. claimed that R.M. and two or three of his friends had touched her "private part" with their "dingaling[s]." [1] The police officer recorded notes from his interview in his police report, and the forensic interviewer videotaped her interview.

R.M. was ultimately charged by the Juvenile Officer with one count of child molestation in the first degree. [2] Prior to trial, R.M. filed a motion to exclude the hearsay statements of D.H., asserting that the statements lacked sufficient indicia of reliability to be admissible under § 491.075. That motion was not ruled on prior to trial. D.H. testified at trial, and in that testimony, she denied that R.M. had ever touched her inappropriately. [3] The Juvenile officer then sought to introduce the testimony of the police officer and the videotaped interview with the forensic interviewer. The Commissioner admitted both over R.M.'s hearsay objections. After the evidence was submitted, the Commissioner found R.M. guilty of child molestation and committed R.M. to the custody of the Division of Youth Services. The Commissioner's findings and recommendations were later adopted and judgment was entered by the circuit court.

R.M. brings three points on appeal. His first point challenges the admissibility of the hearsay statements made by D.H. to the police officer and the forensic examiner. His second point challenges the sufficiency of the evidence to support his conviction with the testimony of the police officer and the videotape of the forensic examiner's interview excluded. In the final point, R.M. challenges the sufficiency of the evidence to support his conviction

1. When she was subsequently deposed, D.H. stated that R.M. was the only one that touched her inappropriately and that nobody else was around when this occurred.

2. The fifth amended petition upon which R.M. was tried also contained one count of statutory rape, two counts of violating home detention, one count of possession of less than 35 grams of marijuana, one count of second degree burglary, and one count of stealing. Pri-

or to trial, R.M. pleaded guilty to the possession count and the burglary count, and the State dismissed the remaining charges. Accordingly, R.M. was tried solely on the child molestation count.

3. The transcript does not contain any of D.H.'s testimony, but the State concedes that D.H. denied any such contact.

even if the hearsay evidence is not excluded.

■ Before we can consider R.M.'s points on appeal, we must address the fact that the transcript is incomplete. None of the testimony of D.H. was recorded, and part of the testimony of the forensic examiner is also missing. It is unclear whether this resulted from the Commissioner *sua sponte* deciding to take this testimony off the record or whether it was due to a human error or mechanical difficulty in the operation of the taping device.[4] In either event, neither R.M. nor the Juvenile Officer was aware that this testimony was not being recorded until they received a copy of the transcript for appeal.

Without having the unrecorded testimony in the record, there is no way for this Court to assess the sufficiency of the evidence to support R.M.'s conviction. We cannot issue an opinion based upon mere speculation as to what might have been contained in the record. *Goodman v. Goodman*, 165 S.W.3d 499, 501 (Mo.App. E.D.2005); *Francisco v. Hendrick*, 197 S.W.3d 628, 632 (Mo.App. S.D.2006).

■ "Our duty to dispose finally of a case unless justice requires otherwise presupposes a record and evidence upon which this court can perform that function with some degree of confidence in the reasonableness, fairness, and accuracy of its conclusion." *Francisco*, 197 S.W.3d at 632 (internal quotation omitted). "Absent preservation of the proceeding on the record, 'full and meaningful review cannot be made.'" *Id.* (quoting *Rivard v. Director of Revenue*, 969 S.W.2d 864, 865 (Mo.App. S.D.1998)).

■ "An appealing party is entitled to a full and complete transcript for an appellate court's review." *State v. Cooper*, 16 S.W.3d 680, 681 (Mo.App. E.D.2000). "Where a transcript of trial court proceedings is not complete and 'questions and answers and rulings are not available to the parties or this court,' this Court's determination of the evidence received and considered by the trial court is precluded." *Francisco*, 197 S.W.3d at 632 (quoting *Loitman v. Wheelock*, 980 S.W.2d 140, 141 (Mo.App. E.D.1998)). A defendant is entitled to a new trial if he or she exercised due diligence in attempting to obtain a complete record and is prejudiced by the incomplete nature of the record. *Cooper*, 16 S.W.3d at 681. "The appropriate remedy when 'the record on appeal is inadequate through no fault of the parties' is to reverse and remand the case to the trial court." *Goodman*, 165 S.W.3d at 501–02 (quoting *Oyler v. Director of Revenue*, 10 S.W.3d 226, 228 (Mo.App. W.D.2000)).

Without being able to review any of D.H.'s testimony and an indeterminate amount of the testimony of the forensic examiner, it is impossible to determine whether sufficient evidence was presented to support R.M.'s conviction. "In a matter such as this, the judgment must be reversed and the cause remanded for a new trial of which a record shall be made." *Rivard*, 969 S.W.2d at 865.

Because the issue may arise again upon remand, we gratuitously note that the Commissioner's comments in denying R.M.'s hearsay objections appear to reflect a misinterpretation of the law.

---

4. The transcript merely contains the following:
    Juvenile Officer: We are now ready to proceed with Count II, and at this time I would call [D.H.].
    Commissioner: All right.

(Transcriber's Note: Testimony of [D.H.] was held off the record.)
(Transcriber's Note: Taping resumed with the direct examination of [the forensic interviewer] already in progress.)

The Juvenile Officer sought to admit the hearsay statements of D.H. as substantive evidence under § 491.075, which provides:

> A statement made by a child under the age of fourteen relating to an offense under chapter ... 566 ... is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:
>
> (1) The court finds ... that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2)(a) The child testifies at the proceedings ...

Thus, under the statute, in addition to the child testifying, "the trial court must find sufficient 'indicia of reliability' in the statements." *State v. Wyble*, 211 S.W.3d 125, 129 (Mo.App. W.D.2007). R.M. filed a written motion challenging the reliability of the statements sought to be admitted by the Juvenile Officer and renewed his objection at trial. Where, as here, the admissibility of the child's statements is challenged by a timely objection, "[i]t is incumbent on the trial court to comply with Section 491.075[.]" *State v. Sheridan*, 188 S.W.3d 55, 66 (Mo.App. E.D.2006).

The Commissioner did not rule on the admissibility of the hearsay statements prior to trial. At trial, in cutting-off and denying R.M.'s objection to the videotape of the interview conducted by the forensic examiner, the Commissioner simply stated, "As long as the child testifies and you've had the opportunity to cross-examine her, out of court statements are admissible." Similarly, when R.M. objected to the police officer testifying about the hearsay statements made to him by D.H., the Commissioner stated, "The out-of-court statements to the officer is [sic] admissible when the child gives testimony in this cause."

The Commissioner's statements leave the impression that he believed the hearsay statements to be admissible so long as the minor testified, regardless of whether there were sufficient indicia of reliability. On remand, if the Juvenile Officer again seeks to admit the hearsay statements and R.M. makes a timely objection thereto, the Commissioner should consider whether sufficient indicia of reliability were present, if he did not previously make such an assessment, and should make a specific finding on that issue on the record.

For the foregoing reasons, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

All concur.