STATE of Missouri, Respondent,

v.

Mark L. CLARK, Appellant.

No. WD 67827.

Missouri Court of Appeals, Western District.

July 15, 2008.

Rehearing Denied Sept. 2, 2008.

Melinda Kay Pendergraph, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, Shaun Mackelprang and Daniel McPherson, Office of Attorney General, Jefferson City, MO, for respondent.

PAUL M. SPINDEN, Presiding Judge.

After municipal and state authorities convicted Mark L. Clark of driving violations that grew out of the same incident, Clark contends in this appeal that the state convictions violated his constitutional guarantee against double jeopardy. The circuit court's judgment convicted him on State charges of driving while intoxicated, resisting a lawful detention or stop, and operating a motor vehicle in a careless and imprudent manner. Clark also complains that the circuit court wrongfully denied his motion for a continuance. We affirm the circuit court's judgment in part and reverse it in part.

Officers arrested Clark on January 5, 2003, after a 10–mile chase in Cass County. The incident began when an off-duty Harrisonville police officer saw Clark driving his car erratically on U.S. 71. Clark's car weaved in and out of a traffic lane and forced another vehicle off the road. The officer radioed a report of Clark's driving to the Cass County Sheriff's Department, and the sheriff's dispatcher relayed the information to Deputy Michael Klinefelter. The deputy spotted Clark's car on Cass County J in Peculiar. Klinefelter activated his emergency lights and siren. Clark drove his car into a lot. Klinefelter drove his patrol car beside Clark's vehicle and told Clark to keep his car parked while he repositioned his patrol car, but Clark sped away in his car. Klinefelter chased him in his patrol car—first on Route J and on Peculiar residential streets and then north on U.S. 71 towards Belton. Other officers, including Peculiar police officers, joined in the chase. The chase ended when officers blocked Clark's car in a private lot in Belton.

A Peculiar police officer assisting in the arrest issued citations to Clark, charging him with violating Peculiar ordinances by operating a motor vehicle in a careless and imprudent manner and by not yielding to an emergency vehicle. Clark pleaded guilty to those offenses. In the meantime, State authorities charged Clark in this case with driving while intoxicated, resisting a lawful detention or stop, and operating a motor vehicle in a careless and imprudent manner.

In appealing these convictions, Clark first complains that the circuit court erred in denying his application for a continuance. He requested the continuance, he said, so he could procure a witness who could lay a foundation for admission of photographs of the injuries that he had sustained when officers allegedly beat him

during his arrest. Clark asserts that these photographs would have aided his defense by showing that the reason that he refused to submit to a blood test was his lost of trust in the officers after they beat him. This, he contends, would have contradicted the State's assertion at trial that he refused the test because he knew that he was intoxicated.

We accord much discretion to the circuit court's decisions concerning continuances. *State v. Patton*, 84 S.W.3d 554, 556 (Mo.App.2002). We will reverse the circuit court's denial of a continuance only when the circuit court abuses its discretion by entering a ruling that is clearly illogical and is arbitrary and unreasonable. *State v. Campbell*, 143 S.W.3d 695, 700 (Mo.App. 2004).

Rule 24.10 governed the circuit court's consideration of Clark's application for a continuance. It requires that an application aver:

(a) The facts showing the materiality of the evidence sought to be obtained and due diligence upon the part of the applicant to obtain such witness or testimony;

(b) The name and residence of such witness, if known, or, if not known, the use of diligence to obtain the same, and also facts showing reasonable grounds for belief that the attendance or testimony of such witness will be procured within a reasonable time;

(c) What particular facts the affiant believes the witness will prove, and that he knows of no other person whose evidence or attendance he could have procured at the trial, by whom he can prove or so fully prove the same facts;

(d) That such witness is not absent by the connivance, consent, or procurement of the applicant, and such application is not made for vexation or delay, but in

good faith for the purpose of obtaining a fair and impartial trial.

Failure to comply with Rule 24.10 was a sufficient reason for the circuit court's denial of Clark's application for a continuance. *Patton*, 84 S.W.3d at 556.

Clark's motion for a continuance said:

COMES NOW Defendant, by and through ... counsel, and moves this Court to continue this case on the following grounds

1. Defendant is not in custody and does not object to a continuance.

2. Counsel request a continuance because

 a. Counsel cannot adequately prepare this case for trial at its current trial setting and needs additional time to locate necessary witnesses to testify on behalf of the defendant. Namely a witness counsel believes will be necessary in order to lay a proper foundation for introduction of photographic evidence.

 b. Without a significant period of time to accomplish the above-mentioned activities, and any other necessary activity, counsel cannot render competent and diligent representation for Defendant.

3. Counsel has consulted with attorney for the state, who has chosen to stand silent on this motion.

4. There have been no prior continuances filed by undersigned counsel in this case.

5. This Application for Continuance is made in good faith on the grounds stated and not to vex or harass this Court or the State of Missouri.

Clark's motion did not satisfy Rule 24.10's requirements. It did not list the witness' name or residence or explain how he would obtain the witness' identity. It did not allege facts that established that a witness could be procured within a reasonable period. Although the motion averred that the unidentified witness would be able to establish a proper foundation for the photographs, the motion violated Rule 24.10(c) by not explaining what facts that the witness would establish. Furthermore, it did not explain the relevance of the photographs to his case. The motion, therefore, failed, in violation of Rule 24.10(a), to explain the materiality of the witness' testimony. These violations of Rule 24.10 were sufficient for the circuit court to deny the continuance. *Id.*

In his second point, Clark claims that the circuit court erred in overruling his motion to dismiss the charges of operating a vehicle in a careless and imprudent manner charge and resisting a lawful stop charge. He asserts that these prosecutions violated the United States Constitution's guarantee against double jeopardy because he had already pleaded guilty in municipal court to identical charges.

■ The State first responds that Clark did not preserve this point because his point relied on violates Rule 84.04(d) by including multifarious points. A point relied on that avers multiple, unrelated issues violates Rule 84.04(d). *State v. Daggett*, 170 S.W.3d 35, 42 (Mo.App.2005). We disagree.

■ In his point relied on, Clark challenges his conviction for resisting arrest and careless and imprudent driving. Although the point challenges two convictions, it raises only one point: that both convictions violated the constitutional guarantee against double jeopardy. The two convictions clearly are related. The purpose of a point relied on is to give the parties and this court notice of the precise issue on appeal, *Lyles v. Robert Half Corporation*, 219 S.W.3d 854, 856 (Mo.App.

2007), and Clark's point relied on is sufficient to give the parties and this court notice of his exact argument. We disagree with the State.

■ The double jeopardy clause of the United States Constitution's fifth amendment guarantees that no person will "be subject for the same offense to be twice put in jeopardy of life or limb." The United States Supreme Court has deemed the due process clause of the Constitution's fourteenth amendment to extend this guarantee to state action. *Benton v. Maryland*, 395 U.S. 784, 795–96, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Because a municipality is a creature of the State, this guarantee prohibits the State and its municipality from prosecuting a person for the same crime. *State v. Rotter*, 958 S.W.2d 59, 63 (Mo.App.1997).

■ The guarantee against double jeopardy protects defendants from successive prosecutions for the same offense after either an acquittal or a conviction and from multiple punishments for the same offense. *State v. Brumm*, 163 S.W.3d 51, 55 (Mo.App.2005). The United States Supreme Court and the Supreme Court of Missouri have held that the guarantee against double jeopardy is violated when successive prosecutions are for charges that have duplicate elements and neither requires proof of an additional element. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *State v. Burns*, 877 S.W.2d 111, 112 (Mo. banc 1994). In comparing the offense's elements, we must focus on the statutory elements, rather than on the evidence adduced at trial. *State v. McLemore*, 782 S.W.2d 127, 128 (Mo.App.1989).

■ Thus, in reviewing Clark's claim, we simply determine the elements of the offenses at issue and compare them. *Id.* at 128–29. If this comparison establishes that they do not each have an element that the other offense lacks, the guarantee against double jeopardy bars prosecution of the second offense. If both offenses have elements that the other lacks, the guarantee does not bar the subsequent prosecution.

■ Clark asserts that the double jeopardy clause barred the State's prosecuting him for careless and imprudent driving in violation of Section 304.012, RSMo 2000, because he had pleaded guilty to violating Peculiar ordinance, Section 340.180. Section 304.012.1 says:

> Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.

For the purposes of this statute, the General Assembly defines highway as "any public thoroughfare for vehicles, including state roads, county roads and public streets, avenues, boulevards, parkways or alleys in any municipality[.]" Section 301.010, RSMo 2000. Section 304.012.1, therefore, has two elements: (1) operation of a motor vehicle on any public thoroughfare for vehicles, including a municipality's public street (2) in a manner that endangers another's property or the life or limb of a person. Peculiar's ordinance, Section 340.180, says:

> Irrespective of the maximum speed provided every person shall drive their motor vehicle in a careful and prudent manner, and shall exercise the highest degree of care, and any person who drives a motor vehicle upon any street within the City limits of the City of Peculiar recklessly or at a speed or in a manner so as to endanger the life, limb,

or property of any person, shall be guilty of careless and reckless driving. Section 340.180 has two elements: (1) operation of a motor vehicle on a city street (2) in a manner that endangers the life, limb or property of any person. The statute and ordinance obviously outlaw the same offense. Their elements are identical. Indeed, the State makes no argument that the elements are different.

The State claims, instead, that Clark could be convicted of both offenses because he was arrested and charged under the ordinance and statute for different conduct. The State contends that Clark pleaded guilty to violating Peculiar's ordinance in connection with the way that he drove his vehicle in the 800 block of Hargrove, but State authorities prosecuted him for careless and imprudent driving on U.S. 71 outside of Peculiar limits.

 The guarantee does not prohibit prosecution of a defendant for more than one offense that arises out of the same set of facts. *State v. Tyler*, 196 S.W.3d 638, 641 (Mo.App.2006). For example, that more than one assault offense can arise from a single set of facts is well settled in those cases in which time separated each assault, giving the defendant an opportunity to reconsider his actions. *Id.*

We agree with the State that the record establishes that Clark engaged in two distinct careless and imprudent driving offenses. The first offense occurred as Klinefelter chased Clark's car on the city streets in Peculiar, including a point in which Clark drove his car through someone's yard and down an embankment onto Highway 71. This was the conduct for which Peculiar authorities convicted him of violating Peculiar ordinance Section 340.180. The chase continued north on U.S. 71. As Clark neared U.S. 58 south of Belton—several minutes and miles away from Peculiar—he suddenly drove his car across the highway's median and into the southbound lanes, across the highway, and onto a service road. This was a second incident of careless and imprudent driving, separate from the incident in Peculiar.

Clark presented no evidence that as he drove toward Belton, he continued to drive carelessly and imprudently. *See State v. Barriner*, 210 S.W.3d 285, 310 (Mo.App. 2006) (double jeopardy is an affirmative defense in which defendant's burden is to establish that it applies). The period between the first incident of careless and imprudent driving in Peculiar and the later incident on U.S. 71 was sufficient lapse of time and location to constitute separate offenses. Hence, the State properly deemed Clark to have engaged in two, separate offenses.

Because Peculiar's citation and the State's charge were for different careless and imprudent driving offenses, the State's prosecution did not run afoul of the double jeopardy clause. The circuit court properly entered judgment against Clark for violating Section 304.012.1.

 The circuit court also convicted Clark of resisting arrest in violation of Section 575.150, RSMo 2005, which says:

1. A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:

(1) Resists the arrest, stop or detention of such person by using or threaten-

ing the use of violence or physical force or by fleeing from such officer; or

(2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence, physical force or physical interference.

2. This section applies to arrests, stops or detentions with or without warrants and to arrests, stops or detentions for any crime, infraction or ordinance violation.

3. A person is presumed to be fleeing a vehicle stop if that person continues to operate a motor vehicle after that person has seen or should have seen clearly visible emergency lights or has heard or should have heard an audible signal emanating from the law enforcement vehicle pursuing that person.

Section 575.150 has three elements: (1) the defendant, having knowledge that a law enforcement officer is making an arrest or a stop of a person or vehicle, (2) resists or interferes with the arrest by threatening to use violence or physical force or by fleeing from the officer, which is presumed if the defendant continues to operate a motor vehicle after seeing the police officer's lights or signal, and (3) defendant did so with the purpose of preventing the officer from completing the arrest. *State v. Ondo*, 231 S.W.3d 314, 316 (Mo.App.2007). Clark contends that this prosecution was barred by his having pleaded guilty to violating Peculiar's ordinance, Section 310.070.A, which says:

Upon the immediate approach of an authorized emergency vehicle making use of audible and visual signals meeting the requirements of the laws of this State, or of a Police vehicle properly and lawfully making use of an audible signal only:

1. The driver of every other vehicle shall yield the right of way and shall immediately drive to a position

parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of an intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a Police Officer;

2. Upon the approach of an authorized emergency vehicle, as above stated, the motorman of every streetcar shall immediately stop such car clear of any intersection and keep it in such position until the authorized emergency vehicle has passed, except when otherwise directed by a Police Officer.

Section 310.070.A has two elements: (1) an emergency vehicle or police vehicle, making use of proper visual and audio signals, approaches a person's vehicle, and (2) the person driving the vehicle either fails immediately to pull the vehicle over to the right-hand curb or does so but fails to keep the vehicle pulled over until the emergency vehicle has passed or has instructed the driver to move the vehicle. Although the ordinance and statute used different wording and terminology, their elements show that the ordinance is a lesser-included offense to the resisting arrest statute. " 'A lesser-included offense is an offense established by proof of the same or less than all the facts required to establish the commission of the charged offense.' " *State v. Smith*, 229 S.W.3d 85, 91 (Mo.App.2007) (citation omitted). A person commits a lesser-included offense if committing the charged offense without committing the lesser-included offense is impossible. *Id.* at 91–92. The offense set out in Section 310.070.A, the ordinance, is essentially the first two proof elements of the State's resisting arrest statute: (1) the defendant, having knowledge that a law enforcement officer was making an arrest or a stop of a person or vehicle, (2) resists

or interferes with the arrest by threatening the use of violence or physical force or by fleeing from such officer. The resisting arrest offense just added one element to this offense: that the defendant intended to prevent the arrest or stop.

■ The guarantee against double jeopardy prevents the government from prosecuting for a greater offense after having prosecuted the person for a lesser-included offense. *McLemore,* 782 S.W.2d at 128. Because a municipality is a creature of the State, the guarantee against double jeopardy prohibits the State from prosecuting for a greater offense after the municipality has prosecuted the person for a lesser-included offense. *State v. Ikner,* 44 Ohio St.2d 132, 339 N.E.2d 633, 635–36 (1975); *Barrett v. State,* 123 Ga.App. 210, 180 S.E.2d 271, 271–72 (1971). Hence, the circuit court erred in entering judgment against Clark on the State charge of resisting a lawful detention or stop, because of his previous conviction of the lesser-included offense by Peculiar authorities.

■ In his third point, Clark claims that this court should reverse the circuit court's judgment and remand for a new trial because, due to no fault of his own, some parts of the transcript are incomplete. This court's duty to review the circuit court's judgment presupposes a record and evidence upon which this court can perform this function with confidence in the reasonableness, fairness, and accuracy of its conclusion. *R.R.M. v. Juvenile Officer,* 226 S.W.3d 864, 866 (Mo.App.2007). In the absence of a full record on appeal, we cannot conduct meaningful appellate review; hence, according to well-established law, an appealing party is entitled to a complete transcript for an appellate court's review. *Id.* The remedy for a record that thwarts meaningful appellate review is reversal of the circuit court's judgment and remand of the case for new trial.

*Id.* We will assert this remedy, however, only when the defendant has diligently attempted to obtain a complete record and is prejudiced by the record's incompleteness. *Id.*

The State concedes that numerous parts of the trial transcript were inaudible or indiscernible and not preserved in the record and that Clark diligently endeavored to obtain a full record. The record indicates that, pursuant to Rule 30.04(h), Clark and the State entered into numerous stipulations regarding some of the transcript's missing parts, including that Clark preserved his double jeopardy claim at the circuit court level. The parties also stipulated that Clark applied for a continuance so he could get a witness to lay the proper foundation for the admission of his photographs. Although the transcript is incomplete, we fail to discern any prejudice to Clark because of the stipulations that he obtained from the State.

In claiming that he was prejudiced by the lack of a complete record, Clark points out that we cannot review the *voir dire* proceeding to determine whether or not the jurors were fair and impartial. He is correct, but he did not ask us to review any issues that arose during *voir dire.* These gaps have not thwarted our review of the claims that he has raised; hence, the missing *voir dire* transcript has not prejudiced Clark's case.

Clark also claims that, because counsel can be ineffective during *voir dire,* the transcript of *voir dire* may be needed in a subsequent post-conviction proceeding. He is correct, but this appeal does not concern a post-conviction relief motion on any allegations that Clark's attorney was ineffective during *voir dire.* We do not discern any more than potential prejudice, and potential prejudice is insufficient to carry Clark's burden. *State v. Borden,* 605 S.W.2d 88, 92 (Mo. banc 1980).

For these reasons, we affirm the portion of the circuit court's judgment convicting Clark of driving while intoxicated and of careless and imprudent driving. We reverse the portion of the circuit court's judgment convicting Clark of failing to yield to an emergency vehicle.

JAMES E. WELSH, Judge, and ALOK AHUJA, Judge, concur.