**STATE of Missouri, Respondent,**

v.

**Louis E. GEORGE, Appellant.**

**No. WD 69405.**

Missouri Court of Appeals,
Western District.

Feb. 24, 2009.

Ellen H. Flottman, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before DIV II: HARDWICK, P.J., HOWARD and DANDURAND, JJ.

LISA WHITE HARDWICK, Judge.

■ Louis George appeals from his convictions on two counts of unlawfully possessing a weapon, violations of Section 571.020.[1] He contends the convictions violated his constitutional right against double jeopardy because he previously was convicted of the same offenses in federal court. For reasons explained herein, we find no error and affirm the convictions.

A grand jury in Lafayette County indicted George on two counts of unlawful weapon possession. George waived a jury and agreed to stipulated facts at a bench trial in January 2008. He admitted possessing the two machine guns identified in the indictment. At the close of the State's evidence, defense counsel moved for judgment of acquittal, arguing that the charges constituted double jeopardy because George had been convicted in federal court of possessing the same machine guns. While acknowledging that current law permitted prosecution of the same offenses by federal and state authorities, counsel argued "the law certainly should be changed." The circuit court denied the motion, and the defense rested without further argument or evidence. The court found George guilty on both counts and sentenced him to concurrent eight-year prison terms.

In challenging his convictions on grounds of double jeopardy, George raises a question of law subject to our *de novo* review. *State v. Glasgow*, 250 S.W.3d 812,

---

1. All statutory citations are to the Revised Missouri Statutes (Cum. Supp. 2008) unless otherwise noted.

813 (Mo.App.2008). The Fifth Amendment to the U.S. Constitution guarantees the right against double jeopardy, and the Due Process Clause in the Fourteenth Amendment extends that protection to state prosecutions. *State v. Cunningham*, 193 S.W.3d 774, 780 (Mo.App.2006).

 The doctrine of double jeopardy generally protects defendants from successive prosecutions for the same offense after an acquittal or conviction and from multiple punishments for the same offense. *State v. Brumm*, 163 S.W.3d 51, 55 (Mo. App.2005). However, double jeopardy does not bar prosecution of the same offense by separate sovereign jurisdictions, such as the state and federal governments, which independently determine their criminal law procedures. *State v. Ivory*, 578 S.W.2d 62, 63–64 (Mo.App.1978). Missouri adheres to this principle of dual sovereignty as established by the U.S. Supreme Court in *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959), and *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). *State v. Glover*, 500 S.W.2d 271, 274 (Mo.App. 1973). Under this principle, a conviction or acquittal in federal court will not prevent a subsequent conviction for the same offense in state court if the case is one over which both sovereignties have jurisdiction. *Id.*

 George relies on *State v. Clark*, 263 S.W.3d 666 (Mo.App.2008), to support his claim of double jeopardy. In *Clark*, this court reversed a state conviction because the defendant had been convicted of a lesser-included offense in municipal court. *Id.* at 674. We explained that a municipality is a creature of the state, and thus, the double jeopardy clause prohibits the state and its municipality from prosecuting a person for the same crime or a lesser-included offense. *Id.* at 671, 674. The case at bar differs significantly from *Clark*,

where there was only one sovereign prosecuting the defendant twice for the same crime. Because George was prosecuted under the dual jurisdictional authority of federal and state courts, his convictions do not violate the constitutional principles of double jeopardy.

Despite George's request to alter this well-established principle of dual sovereignty, we are bound by precedent. "[S]tate and federal courts have for years refused to bar a second trial even though there had been a prior trial by another government for a similar offense[.] [I]t would be disregard of a long, unbroken unquestioned course of impressive adjudication for the Court now to rule that due process compels such a bar." *Bartkus*, 359 U.S. at 136, 79 S.Ct. 676. "Consequently, no double jeopardy attaches, and the rule in *Bartkus*, always the rule in Missouri, remains effective." *Ivory*, 578 S.W.2d at 64. The point on appeal is denied.

We affirm the circuit court's judgment.

All Concur.