MODIFIED OPINION[1]

NOT DESIGNATED FOR PUBLICATION

No. 116,420

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEROY K. BRIGGS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Original opinion filed April 20, 2018; modified opinion filed August 1, 2018. Reversed and remanded with directions.

*Jeffrey Leiker*, of Leiker Law Office, P.A., of Kansas City, for appellant.

*David Greenwald*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and MCANANY, JJ.

MCANANY, J.: Leroy K. Briggs appeals from what he claims to be an erroneously imposed sentence. He argues that the sentencing court erred in classifying his two prior Missouri convictions for resisting or interfering with arrest under Mo. Rev. Stat.

---

[1] **REPORTER'S NOTE**: Opinion No. 116,420 was modified by the Court of Appeals on August 1, 2018, after the State's Motion to Reconsider was granted June 5, 2018. The concurrence and dissent are added to the opinion with no other changes.

§ 575.150 (2000 and 2012 Supp.) as person offenses for criminal history purposes. The sentencing court based its ruling on its determination that the Missouri crime of resisting or interfering with arrest is comparable to the Kansas offense of fleeing or attempting to elude a police officer under K.S.A. 2015 Supp. 8-1568(b). Because the statutes are not comparable, we vacate Briggs' sentence and remand for resentencing with a criminal history score that classifies the Missouri convictions as nonperson crimes.

Pursuant to a plea agreement with the State, Briggs pled guilty to aggravated battery, a level 4 person felony, and the State dismissed the remaining charges in this and another case against Briggs. Before sentencing, Briggs objected to his criminal history score. At his sentencing hearing, the court denied Briggs' request for a downward departure and sentenced him to 162 months in prison, 36 months' postrelease supervision, and restitution. Briggs appealed, and a panel of this court held that his prior burglary adjudication should have been classified as a nonperson felony and remanded the case for resentencing. *State v. Briggs*, No. 111,686, 2016 WL 199045, at *4 (Kan. App. 2016) (unpublished opinion).

On remand, Briggs again objected to his criminal history score. He argued that the Missouri offense of resisting or interfering with arrest under Mo. Rev. Stat. § 575.150 should not be scored as a person felony because Missouri does not designate crimes as person or nonperson crimes.

At Briggs' resentencing hearing, he again challenged his criminal history score, arguing that the particular crimes he had been convicted of in Missouri should be categorized as nonperson misdemeanors as opposed to person felonies. The State presented the court with certified documents regarding Briggs' two prior Missouri convictions for resisting or interfering with arrest. After examining the Missouri charging documents, the district court denied Briggs' challenge to his criminal history score of B, noting that Briggs had two out-of-state convictions for person felonies. The court stated

2

that the felonies are "precisely detailed" in the supporting documents and they both "align with what we would determine to be person felonies." The district court sentenced Briggs to the aggravated term of 162 months' imprisonment, the same number of months in prison it had previously imposed. Briggs appeals.

Briggs argues that the sentencing court erred in classifying his two Missouri convictions for resisting or interfering with arrest under Mo. Rev. Stat. § 575.150 as person offenses, resulting in a calculated criminal history score of B. He claims the Missouri convictions are not comparable to the Kansas offense of fleeing or attempting to elude a police officer under K.S.A. 2015 Supp. 8-1568, as argued by the State. Accordingly, he contends that his Missouri convictions must be classified as nonperson felonies under K.S.A. 2017 Supp. 21-6811(e) and that we should remand the case again for resentencing. The State counters that while the two offenses do not have identical elements, they are sufficiently similar to constitute comparable offenses under K.S.A. 2017 Supp. 21-6811(e).

The determination of an offender's criminal history score is governed by the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801 et seq. Whether a sentencing court has correctly interpreted and applied the provisions of the KSGA is a question of law which we review de novo. *State v. Keel*, 302 Kan. 560, Syl. ¶ 4, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Likewise, whether a prior conviction was properly classified as a person or nonperson crime for criminal history purposes is a question of law subject to unlimited review. *State v. Dickey*, 301 Kan. 1018, Syl. ¶ 5, 350 P.3d 1054 (2015).

In considering an out-of-state conviction, the sentencing court makes two classifications after the State proves that the conviction exists. First, the court determines under K.S.A. 2017 Supp. 21-6811(e)(2) whether the prior conviction is a misdemeanor or

a felony based on the law of the state where the defendant was convicted. The statute also provides "[i]f a crime is a felony in another state, it will be counted as a felony in Kansas." K.S.A. 2017 Supp. 21-6811(e)(2)(A). Here, Briggs' prior Missouri convictions were felonies.

Second, the sentencing court determines whether the prior out-of-state conviction is a person or a nonperson offense by comparing the prior conviction statute to the "comparable offense" in effect in Kansas on the date the current crime was committed. K.S.A. 2017 Supp. 21-6811(e)(3). The court makes this determination by looking for a comparable offense in Kansas at the time the defendant committed the current crime of conviction. K.S.A. 2017 Supp. 21-6811(e)(3); *Keel*, 302 Kan. at 590. If there is no comparable Kansas crime, the court must classify the prior conviction as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e)(3). But if there is a comparable offense and Kansas classifies it as a person crime, the out-of-state conviction should also be classified as a person crime. K.S.A. 2017 Supp. 21-6811(e)(3).

After the briefs were filed in this case, our Supreme Court construed the meaning of "comparable offense" as used in K.S.A. 2017 Supp. 21-6811(e)(3). In its March 9, 2018, decision in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), the court held that the analysis of whether crimes are comparable requires a comparison of the elements of the out-of-state crime to the elements of the Kansas crime. If the out-of-state crime does not have elements that are identical to, or narrower than, the Kansas offense to which it is being compared, the out-of-state conviction must be classified as a nonperson offense. 307 Kan. 552, Syl. ¶ 2.

Though Briggs does not argue that the Missouri crimes are not identical to or narrower than the Kansas crime, we review the issue de novo with the guidance provided by our Supreme Court in *Wetrich* with the objective of arriving at a decision consistent with *Wetrich*.

4

Here, Briggs' criminal history shows two prior convictions for resisting or interfering with arrest under Mo. Rev. Stat. § 575.150. That statute states, in relevant part:

"1. A person commits the crime of resisting . . . arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:

"(1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer."

In order to convict a person under this statute, the State of Missouri is required to prove: (1) The defendant knew that a law enforcement officer was making an arrest or stop of a person or vehicle; (2) the defendant resisted the arrest or stop by using or threatening to use violence or physical force *or* by fleeing from the officer; and (3) the defendant did so with the purpose of preventing the officer from completing the arrest or stop. See Mo. Rev. Stat. § 575.150; *State v. Clark*, 263 S.W.3d 666, 673 (Mo. App. 2008), *overruled in part on other grounds by State v. Daws*, 311 S.W.3d 806 (Mo. 2010).

The comparable Kansas offense to Briggs' Missouri convictions is fleeing and eluding under K.S.A. 2015 Supp. 8-1568(b). At the time Briggs committed his current crime, the crime of fleeing and eluding stated in part:

"(b) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who: (1) Commits any of the following during a police pursuit: (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police

5

officer; (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; (D) is involved in any motor vehicle accident or intentionally causes damage to property; or (E) commits five or more moving violations." K.S.A. 2015 Supp. 8-1568(b).

To prove a violation of K.S.A. 2015 Supp. 8-1568, the State must prove: (1) The defendant was driving a motor vehicle; (2) the defendant was signaled by a police officer to stop; (3) the defendant intentionally failed or refused to stop or otherwise fled or attempted to elude a pursuing police vehicle; (4) the police officer giving the signal was in uniform and prominently displaying his or her badge; and (5) the police vehicle was appropriately marked as an official police vehicle. Violation of this Kansas statute is not predicated on the alternative to fleeing that the defendant used or threatened violence or physical force.

Applying the *Wetrich* analysis, we conclude that Mo. Rev. Stat. § 575.150 is not comparable to K.S.A. 2015 Supp. 8-1568(b) as it existed when Briggs committed the crime in this case. Mo. Rev. Stat. § 575.150 can be violated by either fleeing *or* threatening the use of violence, but the Kansas statute applies only to fleeing. Thus, we hold the Missouri statute is broader than the Kansas statute. Accordingly, the Missouri convictions must be scored as nonperson felonies.

Briggs also argues that the sentencing court used his criminal history score for sentencing purposes in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). This issue has already been decided adversely to Briggs and is without merit. See *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002). He also argues that the sentencing court abused its discretion by "vindictively choosing to increase the defendant's sentence after the case was remanded . . . after a successful appeal." But because we are remanding for resentencing, this issue is now moot.

Briggs' sentence is vacated, and the matter is remanded for resentencing with directions to the district court to classify the prior Missouri convictions for resisting or interfering with arrest as nonperson offenses.

Reversed and remanded with directions.

\* \* \*

ARNOLD-BURGER, C.J., concurring:  I write to concur in the judgment, but write separately only to note my position that the State abandoned any argument concerning whether Leroy K. Briggs' prior convictions under Mo. Rev. Stat. § 575.150 (2000 and 2012 Supp.) were comparable to any Kansas statute other than K.S.A. 2015 Supp. 8-1568(b).

When the briefs were submitted in this case in 2017, the State argued that Briggs' Missouri convictions for resisting or interfering with an arrest (Mo. Rev. Stat. § 575.150) should be compared solely to K.S.A. 2015 Supp. 8-1568(b) (fleeing or attempting to elude) for purposes of determining whether they were person felonies. After our decision was entered finding that the statutes were not comparable, the State filed a motion to reconsider under Supreme Court Rule 7.05(a) (2018 Kan. S. Ct. R. 49). In it the State conceded that Mo. Rev. Stat. § 575.150 was not identical or narrower than K.S.A. 2015 Supp. 8-1568(b). But it went on to propose, for the first time, that if the court combines the elements of both K.S.A. 2015 Supp. 8-1568(b) (fleeing and eluding) and K.S.A. 2015 Supp. 21-5415(a)(1) (criminal threat), both of which are person felonies, then all the same conduct is prohibited by Mo. Rev. Stat. § 575.150—making them comparable. It is this new argument that the dissent adopts.

But a motion to reconsider is not a place to raise new issues or obtain a second chance to present a stronger case. See *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012

7

(10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.").

Moreover, the State does not provide any reasons in either its motion for reconsideration or its supplemental brief for asking us to consider an argument it has never made before. It does not argue for any exception to the general rule. And I can think of no legal reason why this argument could not have been made from the outset in this case.

For these reasons, I would deem the State's new argument abandoned and I render no opinion as to its efficacy.

* * *

MALONE, J., dissenting:  I respectfully dissent from the majority's conclusion that Leroy K. Briggs' two prior Missouri convictions for resisting or interfering with arrest must be scored as nonperson offenses for criminal history purposes. Applying the analysis in *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 412 P.3d 984 (2018), the majority finds that Mo. Rev. Stat. § 575.150 (2000 and 2012 Supp.) is not comparable to K.S.A. 2015 Supp. 8-1568(b) because the Missouri statute can be violated by either fleeing *or* threatening the use of violence, but the Kansas statute applies only to fleeing. But whichever way a defendant violates Mo. Rev. Stat. § 575.150, it still constitutes a person

8

crime in Kansas. Thus, I would find that the district court did not err in classifying Briggs' prior Missouri convictions as person offenses for criminal history purposes.

K.S.A. 2017 Supp. 21-6811(e)(1) provides that out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history. K.S.A. 2017 Supp. 21-6811(e)(3) provides:

"The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, *comparable offenses* under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall be classified as a nonperson crime." (Emphasis added.)

K.S.A. 2017 Supp. 21-6811(e)(3) states that in classifying an out-of-state crime as person or nonperson, *comparable offenses* shall be referred to. In other words, more than one comparable Kansas offense can be considered in determining whether an out-of-state conviction should be scored as a person or nonperson crime for criminal history purposes.

In *Wetrich*, the court held that when determining if the offenses are comparable, "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562. The court went on to find that the elements of the Missouri crime of second-degree burglary are broader than the elements of burglary of a dwelling in Kansas; thus, the two offenses are not comparable. 307 Kan. at 562-64. Because there was no comparable offense in Kansas, the court concluded that the Missouri crime must be classified as a nonperson offense for criminal history purposes. 307 Kan. at 564.

9

Briggs' criminal history shows two prior convictions for resisting or interfering with arrest under Mo. Rev. Stat. § 575.150. That statute states, in relevant part:

"1. A person commits the crime of resisting . . . arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:

"(1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer."

In Kansas, at the time Briggs committed his current crime of conviction, the crime of fleeing or attempting to elude a police officer was defined in K.S.A. 2015 Supp. 8-1568, in relevant part:

"(b) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who: (1) Commits any of the following during a police pursuit: (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; (D) is involved in any motor vehicle accident or intentionally causes damage to property; or (E) commits five or more moving violations;

. . . .

"(c)(2) Violation of subsection (b) is a severity level 9, person felony."

As the majority opinion points out, Mo. Rev. Stat. § 575.150 can be violated by either fleeing *or* threatening the use of violence but the Kansas statute applies only to fleeing. Thus, Mo. Rev. Stat. § 575.150 is broader than K.S.A. 2015 Supp. 8-1568(b). As a result, the majority concludes that the Missouri convictions must be scored as nonperson felonies.

10

However, K.S.A. 2015 Supp. 8-1568(b) is not the *only* comparable Kansas offense that should be considered in determining whether Briggs' Missouri convictions should be scored as person or nonperson crimes for criminal history purposes. K.S.A. 2015 Supp. 21-5415, defining the Kansas crime of criminal threat, provides in part:

> "(a) A criminal threat is any threat to:
>
> (1) Commit violence communicated with intent to place another in fear . . .;
>
> . . . .
>
> "(c)(1) A criminal threat is a severity level 9, person felony."

In determining whether Briggs' Missouri convictions should be scored as person or nonperson crimes for criminal history purposes, *any* comparable Kansas offenses should be considered. If Briggs violated Mo. Rev. Stat. § 575.150 by fleeing, that crime is identical to, or narrower than, the elements of the Kansas crime of fleeing or attempting to elude a police officer as defined in K.S.A. 2015 Supp. 8-1568(b), a person felony. If Briggs violated Mo. Rev. Stat. § 575.150 by threatening the use of violence, that crime is identical to, or narrower than, the elements of the Kansas crime of criminal threat as defined in K.S.A. 2015 Supp. 21-5415(a)(1), a person felony. Whichever way Briggs violated Mo. Rev. Stat. § 575.150, it would be a person offense in Kansas. Thus, Briggs' violation of Mo. Rev. Stat. § 575.150 is comparable to a person offense in Kansas. This conclusion is consistent with the court's analysis in *Wetrich*.

In sum, there is no conduct found in Mo. Rev. Stat. § 575.150 that is not fully found within a comparable person crime in Kansas. Thus, I conclude that Briggs' two prior Missouri convictions for resisting or interfering with arrest under Mo. Rev. Stat. § 575.150 should be classified as person felonies in Kansas for criminal history purposes.